Jerry Charles **HERBORT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40536.

Court of Criminal Appeals of Texas.

July 12, 1967.

On Motion to Reinstate Appeal Oct. 11, 1967.

On Second Motion to Reinstate Appeal Nov. 29, 1967.

Rehearing Denied Jan. 17, 1968.

Sam L. Harrison, San Antonio, for appellant.

Richard Hoerster, County Atty., Fredericksburg, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This is a conviction of appellant for operating a motor vehicle while his license was suspended, with punishment assessed at a fine of $250.

██ The record on appeal does not include sentence pronounced by the trial court, as required by Art. 40.09–1, Vernon's Ann.C.C.P.

The appeal is dismissed.

## OPINION
## ON
## MOTION TO REINSTATE APPEAL

### ONION, Judge.

On original submission this appeal was dismissed for lack of a sentence pronounced as required by Article 40.09, Sec. 1, Vernon's Ann.C.C.P. See also Articles 42.02, 42.04, V.A.C.C.P.; Clemons v. State, Tex. Cr.App., 414 S.W.2d 940.

It now appears that sentence was pronounced on July 20, 1967. However, we do not find in the record any notice of appeal given or filed after the pronouncement of such sentence.

Article 44.08(c), V.A.C.C.P. provides that in all cases, except where the death penalty has been assessed or the imposition of the sentence suspended in probation cases, notice of appeal shall be given or filed within ten (10) days after sentence is pronounced.

██ It does appear that notice of appeal was given upon the entry of the judgment on November 22, 1966, but the giving of notice of appeal prior to the pronouncement of sentence is ineffective under the 1965 Code of Criminal Procedure. Hollingsworth v. State, Tex.Cr.App., 419 S.W. 2d 854.

██ We observe, however, that Article 44.08(e), V.A.C.C.P., provides that the trial court, for good cause shown, may permit the giving of notice of appeal after the expiration of such ten days mentioned in Article 44.08(c), supra. Upon a showing of good cause, the trial court in the case at bar may still permit the giving of notice of appeal, and in such event, proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P.

The motion to reinstate the appeal is overruled.

## OPINION
## ON SECOND MOTION TO
## REINSTATE APPEAL

### DICE, Judge.

██ By supplemental transcript it is shown that notice of appeal has been given by appellant with permission of the court, under the authority of Art. 44.08(e), Ver-

**458**

non's Ann.C.C.P., after the expiration of ten days from pronouncement of sentence.

Accordingly, the appeal is reinstated.

The record on appeal does not contain the transcription of a court reporter's notes.

By his first ground of error, appellant complains of the court's action in refusing his request to be furnished a court reporter in the case. Such action, appellant contends, constituted a denial of his statutory and constitutional rights.

No statute or constitutional provision is cited by appellant in support of his contention. We know of none.

Art. 2321, Vernon's Ann.Civ.St., provides for the appointment of an official court reporter by each district and criminal district judge.

Art. 2327, V.C.S., provides:

"When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if one be present, to report the oral testimony given in such case * * *."

Art. 2327d, V.C.S., provides that the judges of the county courts of this state "may appoint an official shorthand reporter for such Court * * *."

We find no statutory or constitutional provision which requires that the judge of a county court, established under Art. V., Sec. 15, of our Constitution, Vernon's Ann.St., appoint a court reporter in a criminal case. The ground of error is overruled.

In his second ground of error, appellant insists that the court should have granted his motion to quash the complaint and the information because the pleading "did not recite under which article the license was suspended."

No motion to quash the complaint or the information is found in the record. We have, however, examined the same and find that each pleading alleged that "said operator's license was duly and legally suspended pursuant to Section 22 of Article 6687b, Vernon's Annotated Civil Statutes * * *." The ground of error is overruled.

Appellant's remaining ground of error, #3, complains that the evidence is insufficient to sustain the conviction.

 In the absence of the transcription of a court reporter's notes constituting a statement of facts on appeal or an agreed statement of the facts as provided in Art. 40.09, C.C.P., this court cannot pass upon the question of sufficiency of the evidence. Castro v. State, Tex.Cr.App., 379 S.W.2d 906.

The judgment is affirmed.