**Henry G. HILKE, Plaintiff-Appellant,**

**v.**

**FIREMEN'S RETIREMENT SYSTEM OF ST. LOUIS, Defendant-Respondent.**

**No. 33285.**

St. Louis Court of Appeals.

Missouri.

May 20, 1969.

Arthur E. McLeod and William Cole Seaton, St. Louis, for appellant.

Gary M. Gaertner, City Counselor, Aubrey B. Hamilton, Assoc. City Counselor, St. Louis, for respondent.

CLEMENS, Commissioner.

The issue here: In reviewing the award of an administrative body to determine whether its award was supported by substantial evidence, may a court give weight to official documents considered by the administrative body but not formally introduced in evidence?

Plaintiff Henry G. Hilke, a retired fire fighter, appeals from an adverse decision on his application for service-connected disability benefits (§§ 87.120–87.370, V.A.M.S.; City of St. Louis Ordinance 50707). After twenty-one years in the St. Louis Fire Department plaintiff had surgery for removal of a ruptured cervical disc; he was declared disabled and entitled to $112.88 a month ordinary benefits. He contended, however, that his disability was caused by an accidental fall while on duty and claimed an additional $276.99 a month for service-connected disability benefits. The Firemen's Retirement System Board[1] voted unanimously to deny the application, finding no causal connection between plaintiff's accidental fall and his disability. On plaintiff's appeal the circuit court affirmed the negative award, and plaintiff again appeals.

Plaintiff now contends the Board's award was contrary to the overwhelming weight of the evidence. He bases this on the further contention that defendant's Exhibits 1 and 2, containing medical reports of no causation, were not introduced in evidence before the Board and may not be considered in opposition to his evidence that did tend to show causation. This is the crux of the case.

---

1. Comprising the Fire Department's chief, the City's comptroller, two laymen appointed by the mayor, and three firemen elected by members of the department. (§ 87.140, V.A.M.S.)

We find that the medical reports were treated by both parties as being in evidence; that the reports warranted the Board's finding that plaintiff failed to show his disability was service-connected. Accordingly, we affirm.

A summary of the relevant proceedings and evidence will suffice. On April 6, 1964, plaintiff slipped off a ladder while fighting a fire; in checking his fall he twisted, grabbed a nearby support and hung there until someone replaced the ladder. Plaintiff complained of pain in the small of his back but was treated only for a cut finger; he then returned to work. The next January a ruptured cervical disc was removed from plaintiff's neck, and he never returned to work. Then on April 7, 1965, plaintiff applied for service-connected disability benefits.

The Board considered plaintiff's application at three sessions, the first two informally and the third formally. The record before us consists of Exhibits 1 and 2 (two files styled First and Second "Consideration by Board of Trustees", dated May 28 and October 1, 1965) and the transcript of the formal hearing held November 30, 1967.

Section 87.160, subd. 2, V.A.M.S., declares: "The board of trustees shall designate a medical board to be composed of three physicians who shall arrange for and pass upon all medical examinations required under the provisions of sections 87.120 to 87.370, shall investigate all essential statements and certificates made by or on behalf of a member in connection with an application for disability retirement and shall report in writing to the board of trustees its conclusions and recommendations upon all the matters referred to it." The three physicians examined plaintiff (after his cervical surgery) and each one filed a written report prior to each of the two informal hearings. Dr. George B. Rader reported he found plaintiff permanently disabled; that "his history is somewhat vague"; that "I am unable to relate any of his present conditions to his employ-

ment." Dr. John D. Davidson, Jr., reported: "It is difficult to relate this patient's disability to the episode which occurred five months prior to the onset of his pain because of the apparent minimal nature of the injury and because of the long lapse of time from the time of the injury until the onset of his pain." Similarly, Dr. Marshall B. Conrad reported his opinion that plaintiff was permanently disabled, but "I do not believe that it is possible to relate his present condition and disability to any injury which he sustained at his work."

These medical reports were substantial evidence to support the Board's denial of plaintiff's application for service-connected disability. Plaintiff does not challenge this but contends that since the reports were not introduced in evidence at the Board's formal hearing and since he objected to their consideration by the circuit court, the record is devoid of substantial evidence to support the denial of his application.

Plaintiff's argument rests on § 536.070 (5), V.A.M.S., which declares: "Records and documents of the agency which are to be considered in the case shall be offered in evidence so as to become a part of the record, the same as any other evidence, but said records and documents may be considered as a part of the record by reference thereto when so offered." Plaintiff argues that before a document is in evidence it must be identified, submitted to opposing counsel for inspection, and formally presented to the court with a pronouncement that it is being offered in evidence. That, of course, is the usual procedure in a court of record, but we are not concerned here with that high degree of formality. Instead, the question is whether the Board could properly consider the official report of its medical board under the existing circumstances. We say yes.

■ This, because the procedural standards of administrative bodies differ from those of courts. While the fundamental principles of judicial inquiry must be observed in administrative proceedings, the

strict judicial procedure of the courtroom should not be required before an administrative body of laymen; there the proceedings may be simpler and less technical than in the courtroom. (Davis v. Long, Mo. App., 360 S.W.2d 307[9].)

Although Exhibits 1 and 2 were treated informally, each was treated by the parties as part of the record to be considered by the Board. Early in the hearing plaintiff's counsel referred to plaintiff's injury report lodged in one of the Board's two files and said, "I imagine it is part of this official document that we have introduced in evidence here." Defendant's counsel agreed and thereupon the Board's files were marked as Exhibits 1 and 2. Later, plaintiff's counsel formally offered other documents in evidence, but in speaking of documents already in Exhibits 1 and 2 he referred to them as "part of the file." Near the end of the Board hearing, defendant's counsel wished to introduce City Ordinance 50707 as Exhibit 3; he stated he wanted the record to show that the ordinance was introduced as an exhibit "with the others." The Board's certified transcript refers to Exhibits 1 and 2 by page numbers where each was "marked" and where each was "in evidence."

■ Thus, counsel treated the medical reports as documents properly before the Board for its consideration. Although the record does not show the reports were offered in evidence in ritualistic language, we hold that the method of putting them before the Board for its consideration fully met the less formal procedural requirements of an administrative hearing. Since the reports constituted substantial evidence upon which the Board could deny plaintiff's application, its award was not against the overwhelming weight of the evidence, and the circuit court properly affirmed the negative award.

■■ In plaintiff's brief the last point relied on says the denial of his application was "in violation of appellant's rights to due process of law and equal protection of the law as guaranteed by both the Missouri and United States Constitutions." The point does not say how or in what manner his constitutional rights were denied, so it presents nothing for review. (Civil Rule 83.05(a) and (e), V.A.M.R.; Ragan v. Ragan, Mo.App., 315 S.W.2d 142[6, 7].) Furthermore, the contention is neither supported by citation of authority nor pursued by argument; it is therefore deemed abandoned. (Holt v. Queen City Loan & Investment, Inc., Mo., 377 S.W.2d 393[13].)

The judgment is affirmed.

**PER CURIAM:**

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., BRADY, J., and BRUCE NORMILE, Special Judge, concur.

