Henry Earl CARTWRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 50413.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving a motor vehicle upon a public highway while intoxicated. The complaint and information alleged the offense occurred on December 25, 1972. The punishment was assessed by the jury at confinement in the county jail for six (6) months and at a fine of three hundred dollars ($300.00).

The trial was conducted on February 13, 1973, and the appellate record was received by this court on June 2, 1975.

There are no appellate briefs filed by the appellant or by the State. See Article 40.-09, Secs. 9 and 10, Vernon's Ann.C.C.P. We do, however, find a timely presented bill of exception approved without qualification by the trial judge. In such bill of exception it is established that appellant made a timely request for the trial court to provide a court reporter for the trial proceedings and a motion for continuance on the basis that there was no court reporter present. Both were overruled and denied. Appellant was ordered to trial without a court reporter. Such bill of exception also establishes that there is a serious question as to the sufficiency of the evidence at the trial of appellant's intoxication to sustain the conviction and that without a record of the testimony the appellant is unable to present the sufficiency issue to this court since the attorneys and the court were unable to agree upon a statement of facts. This fact is supported by a written request of appellant on the date of the sentence for the trial judge to prepare a full and complete statement of facts, which request was denied "due to the complexity and length of trial, the court is unable to recall and give a statement of facts of the cause."[1] This fact is further

1. See and cf. *Hilliard v. State*, 401 S.W.2d 814 (Tex.Cr.App.1966), where the trial judge in a complex felony case prepared the statement of facts.

supported by the statement of the county attorney at the hearing on the motion for new trial at which a court reporter was present at the appellant's expense. It should here be noted that there is no evidence or claim of indigency on the part of the appellant.

The question presented by this appeal is whether a judge of a constitutional county court, such as the County Court of Shelby County, is required to appoint a court reporter in a criminal case.

Our research reveals no statute specifically relating to the appointment of a court reporter for the County Court of Shelby County. In *Herbort v. State,* 422 S.W.2d 456 (Tex.Cr.App.1968), this court wrote:

"We find no statutory or constitutional provision which requires that the judge of a county court, established under Art. V., Sec. 15, of our Constitution, Vernon's Ann.St., appoint a court reporter in a criminal case."

In such opinion the court took note of Article 2321, Vernon's Ann.C.S., a general statute relating to the appointment of an official court reporter in each district court, as well as Articles 2327 and 2327d, Vernon's Ann.C.S., the latter statute providing that county court judges "may" appoint a court reporter,[2] and the former statute providing that in a civil case such judge "shall" appoint a competent stenographer if one be present when either party requests or applies therefor.[3]

In the *Herbort* opinion there was no consideration of the provisions of Article 40.09, Vernon's Ann.C.C.P., then in effect.[4]

We do find in Article 40.09, Sec. 4, Vernon's Ann.C.C.P., the following:

"*At the request of either party* the court reporter *shall* take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. . . ." (Emphasis Supplied)

Article 40.09, Sec. 5, Vernon's Ann.C.C.P., in its final sentence also states:

"The court reporter shall report any portion of the proceedings requested by either party or directed by the court."

Do such provisions apply to the County Court of Shelby County? Section 1 of Article 40.09, Vernon's Ann.C.C.P., makes the statute applicable to "all cases appealable by law to the Court of Criminal Appeals." See also Attorney General's Opinion H–569 (March 31, 1975). Article V, Sec. 16 of the State Constitution, Vernon's Ann.St., provides in part:

"The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justices Court as the same is now or may hereafter be prescribed by law, and when the fine to be imposed shall exceed $200."[5]

See also Article 4.07, Vernon's Ann.C.C.P.

Article 4.01(5), Vernon's Ann.C.C.P., also provides that county courts have criminal jurisdiction.

The offense here involved was driving while intoxicated upon a public highway, which is a misdemeanor over which the County Court of Shelby County had jurisdiction. See Article 802, Vernon's Ann.P.C. Upon conviction, the case was appealable to

---

2.  Article 2327d, supra, provides in part that the judges of the county courts of this State "may appoint an official shorthand reporter for such Court . . . ."

3.  Article 2327, supra, provides in part:
    "When either party to a civil case pending in the county court or county court at law applies therefor, the judge thereof shall appoint a competent stenographer, if· one be present, to report the oral testimony given in such case. . . . "

4.  The opinion noted that no statutory or constitutional provision had been cited by Herbort in his brief to support his contention.

5.  Article V, Sec. 22 of the State Constitution, Vernon's Ann.St., provides the Legislature may by law increase, diminish or change the civil and criminal jurisdiction of county courts. We find no such change regarding the County Court of Shelby County.

the Court of Criminal Appeals and appellant exercised this right.

Article V, Sec. 5 of the State Constitution, Vernon's Ann.St., provides:

"The Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law."

The only limitation placed upon such jurisdiction is found in Article 4.03, Vernon's Ann.C.C.P., which reads:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law shall not exceed one hundred dollars."

■ It is clear that cases not appealable to the Court of Criminal Appeals are those criminal actions originating in the justice, city or municipal court where after conviction there is an appeal to the county court and following a trial de novo the fine assessed in county court does not exceed one hundred dollars ($100.00). See, i. e., *Leggio v. State,* 489 S.W.2d 622 (Tex.Cr.App.1973); *Barksdale v. State,* 441 S.W.2d 534 (Tex.Cr. App.1969); *Bass v. State,* 399 S.W.2d 558 (Tex.Cr.App.1966).

■ This limitation is not applicable to the instant case which originated in the county court itself. It therefore was a case appealable to the Court of Criminal Appeals, and the mandatory provisions of Article 40.09, Secs. 4 and 5, supra, are applicable thereto.

■ We conclude that under the said provisions of Article 40.09, supra, the Judge of the County Court of Shelby County was required to appoint, when requested to do so,[6] a court reporter to report all trial proceedings in the instant criminal case which

---

6. The Court of Criminal Appeals has made clear that the defendant in a criminal case must make an affirmative request under Article 40.09, supra, for the court reporter to take the record in order to show error on appeal. *Taylor v. State,* 489 S.W.2d 890 (Tex.Cr.App.1973); *Jones v. State,* 496 S.W.2d 566 (Tex.Cr.App.1973), and cases there cited; *Garrett v. State,* 434 S.W.2d 142 (Tex.Cr.App.1968); *American Plant Food Corp. v. State,* 508 S.W.2d 598, 605 (Tex.Cr.App.1974). Further, the court has repeatedly urged trial judges, even in the absence of a request to do so, to have the court reporter record all proceedings unless the same is waived. *Taylor v. Sate,* supra (footnote # 1); *Jackson v. State,* 491 S.W.2d 155 (Tex.Cr.App.1973); *Jones v. State,* supra (footnote # 1); *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App.1971); *Brown v. State,* 505 S.W.2d 277 (Tex.Cr.App.1974) (footnote # 2).

It is clear that upon request for a court reporter to take the trial proceedings Article 40.09, Sec. 4, Vernon's Ann.C.C.P., becomes mandatory. The statement in *Taylor v. State,* supra, that the statute is not mandatory has been disowned even by the author of the *Taylor* opinion. See *Jones v. State,* 496 S.W.2d 566 (Tex.Cr.App.1973) (Dissent-

ing Opinion on Motion for Rehearing at p. 574).

It is true that when the request for a court reporter has been made under Article 40.09, supra, to take the voir dire examination as opposed to the trial on the merits this court has concluded the failure to honor such requests was error, but was harmless error unless harm was alleged or shown to have resulted from the refusal to furnish a court reporter. *Morris v. State,* 441 S.W.2d 730 (Tex.Cr.App.1967); *McClain v. State,* 432 S.W.2d 73 (Tex.Cr.App.1968); *Miller v. State,* 472 S.W.2d 269 (Tex.Cr.App.1971); *Young v. State,* 488 S.W.2d 92 (Tex.Cr.App. 1972); *Williams v. State,* 418 S.W.2d 837 (Tex.Cr.App.1967); *Evans v. State,* 430 S.W.2d 502 (Tex.Cr.App.1968); *Vines v. State,* 479 S.W.2d 322 (Tex.Cr.App.1972); *Jones v. State,* 496 S.W.2d 566 (Tex.Cr.App. 1973); *Alvarado v. State,* 508 S.W.2d 74 (Tex.Cr.App.1974).

In the instant case a reversal is called for under the theory the statute becomes mandatory when the request is made and any refusal to furnish a court reporter is prejudicial or under the theory of the cases cited above since harm is alleged or shown. Since there should be no difference in the test applied merely because the request is to take the voir dire examination rather than

was appealable by law to the Court of Criminal Appeals.[7] To the extent that *Herbort v. State,* supra, is in conflict, it is overruled.

the trial on the merits, the above cited cases are overruled as to the extent of any conflict with the opinion herein. The same portion of a statute should not be divided and given different interpretations. See and compare *Espinosa v. State,* 493 S.W.2d 172 (Tex.Cr. App.1973) (Dissenting Opinion); *Mitchell v. State,* 493 S.W.2d 174 (Tex.Cr.App.1973) (Dissenting Opinion); *Cameron v. State,* 508 S.W.2d 618 (Tex.Cr.App.1974) (Dissenting Opinion); *Walker v. State,* 524 S.W.2d 712 (Tex.Cr.App.1975) (Opinion Concurring in Part and Dissenting in Part).

7. We observe that the Attorney General in his opinion H–569 (March 31, 1975) reached a similar result. We further note a special problem. In those cases originating in a lower court appealable to the county court for a trial de novo, a request may at the beginning of the trial be made for the appointment of a court reporter to report all trial proceedings. If the request is refused and subsequently the judge or jury assesses punishment in excess of a one hundred dollar ($100.00) fine, the case is then appealable to the Court of Appeals, and Article 40.09, supra, is applicable to the case even though it originated in a justice, city or municipal court. When such a trial commences in a county court, the judge will not know in advance what punishment will be assessed so clearly the better practice is to appoint a court reporter upon request in any case in county court.

8. Although there is no question of indigency in the instant case, there is another compelling reason why county judges should appoint court reporters in criminal cases when requested where the defendant is indigent or may be indigent when the appeal is taken. Article 40.09, Sec. 5, Vernon's Ann.C.C.P., provides in part:

" . . . The court will order the reporter to make such transcription without charge to defendant if the court finds, after hearing in response to affidavit by defendant that he is unable to pay or give security therefore. . . . "

It appears clear that if the defendant, who has given notice of appeal, is found to be indigent, he is entitled to such transcription and need not first resort to alternative methods such as an agreed statement of facts (Article 40.09, Sec. 14, Vernon's Ann.C.C. P.), etc., unless by choice. See *Curry v. State,* 488 S.W.2d 100, 103 (Tex.Cr.App. 1972). Our statutory procedure is broader

■ The judgment is reversed and the cause remanded.[8]

MORRISON, J., dissents.

than the federal constitutional requirements of due process when the question is presented as to what type of appellate record must be afforded an indigent appellant convicted of a misdemeanor for the purposes of an effective review of his conviction on appeal. By virtue of the provisions of Article 40.09, Vernon's Ann.C.C.P., the grounds of error alleged need not make out "a colorable need for the complete transcript" before an indigent becomes entitled to the complete record. *Curry v. State,* supra; *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), involving appeals from misdemeanor convictions, presented the question of just how far the principle of *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), was to be extended. [In *Griffin,* the United States Supreme Court held that the due process and equal protection clauses of the Fourteenth Amendment are violated where a State provision for an appeal in all criminal cases as a matter of right is so administered as to deny full appellate review to an indigent appellant solely because of his inability to pay for a transcription of the record while granting such review to all other defendants. *Griffin,* of course, involved a felony conviction.] In *Mayer,* the United States Supreme Court held that any distinction between felonies and misdemeanors in this concept was an "unreasonable distinction" and held that although the State must afford an indigent appellant a "record of sufficient completeness" to permit proper consideration of his claim on appeal, it need not necessarily furnish a complete verbatim transcript, but may provide alternatives that accord effective appellate review. The Court made clear, however, that where "the grounds of appeal, as in this case, make out a colorable need for a complete transcript, the burden is on the State to show that only a portion of the transcript or an 'alternative' will suffice for an effective appeal on those grounds."

So whether due process and equal protection requirements or statutory provisions are involved, the importance of having a court reporter in county court report the trial proceedings is well demonstrated, particularly where the question of indigency may become involved, and where a request for such reporter is made. See and cf. Attorney General's Opinion M–1095 (March 13, 1972).

DOUGLAS, Judge (concurring).

I concur in the result reached and only in that part of the opinion which holds that the trial court erred in failing to have a court reporter present to take down the testimony when this case was tried.

ODOM, Judge (concurring).

I concur in the opinion of the majority, but take exception to the closing assertion in footnote 6 of that opinion. It is true that a statutory requirement, such as that of Article 40.09(4), V.A.C.C.P., relied upon in this case, should be interpreted with uniform consistency. See the dissenting opinions in *Jones v. State,* Tex.Cr.App., 496 S.W.2d 566. Nevertheless, the meaning of a statute of diverse parts detailing various requirements in different terms, such as Article 26.13, V.A.C.C.P., both before and after amendment by the 64th Legislature, cannot be stated so simply. Had the Legislature intended but a single standard or requirement in such a statute, it would have used uniform language or parallel construction throughout. Instead, by enumerating different standards in different terminology, it obviously intended a difference in the requirements, justifying a difference in interpretation from one part to the next. See my concurring opinion in *Cameron v. State,* Tex.Cr.App., 508 S.W.2d 618, 619.