**James SOTO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–210–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 24, 1982.

Richard Manske, El Campo, for appellant.

David Roberts, Rhodes, Garner & Roberts, Port Lavaca, for appellee.

Before NYE, C.J., and YOUNG and GONZALÉZ, JJ.

OPINION

YOUNG, Justice.

This is an appeal from a conviction for a class A misdemeanor assault. Trial was to a jury at the guilt stage. The trial court assessed punishment at 60 days in jail probated for one year.

Appellant contends that the trial court committed fundamental error in denying his pre-trial motions (1) "to instruct the Court Reporter of this Court to take down in shorthand or *by any other method,* the entire voir dire examination of the jury panel in this case and to take down in shorthand *or by other method* of recordation, the final arguments made to the jury by counsel for the State and counsel for the defense"; and (2) "to provide a Court Reporter to make a record of the proceedings." [1] (Emphasis supplied).

We hold that the denial of appellant's motions may have been error but that under the circumstances of this case the error, if any, was harmless, as we will demonstrate.

The record reflects that the trial court denied the motions because a court reporter was not available. It also shows, however, that the trial court caused all proceedings during the trial to be tape recorded. The tape recording was subsequently transcribed and made a part of the record.

A party claiming defects in the record has the burden by way of timely motion to specify those defects and by way of a hearing on that motion to prove the existence of those defects. *Torres v. State,* 552 S.W.2d 821, 827 (Tex.Cr.App.1977), *Barnes v. State,* 102 Tex.Cr.R. 20, 277 S.W. 128 (Tex.Cr.App.1925). At the conclusion of a hearing on objections to the record, the trial

1. Article 40.09(4), Texas Code of Criminal Procedure Ann. (Vernon Supp.1982), provides: "At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments."

**2**

court may enter such orders as it deems necessary to make the record speak the truth. Article 40.09(7), Tex.Code Crim.Pro. Ann. (Vernon Supp.1982). The findings and adjudications contained in such orders are binding on this Court if supported by evidence. Article 40.09(7), supra; *Broussard v. State*, 471 S.W.2d 48 (Tex.Cr.App. 1971).

After the hearing on appellant's objections to the record in the case before us, the trial court signed an order stating that the tape transcription was a "true and correct transcription of the occurrence and existence of the testimony, arguments, motions, objections, exceptions, Court actions, refusals of the Court to act and other events on said date, thereby shown." Appellant does not challenge this finding.

Appellant, however, did make two objections to the tape transcription, one complaining that the cause number in the transcript caption was wrong and one requesting that the court cause the record to reflect that the proceedings were tape recorded and later transcribed by a stenographer who was not present at the proceeding. Both of these objections were met. No objections were made concerning the accuracy or completeness of the transcription. We also note that appellant did not move to continue the case to a time that a court reporter would have been available.

The cases of *Gamble v. State*, 590 S.W.2d 507, 509 (Tex.Cr.App.1979) and *Cartwright v. State*, 527 S.W.2d 535, 538–539 (Tex.Cr. App.1975), cited by appellant are distinguishable from this case because in those cases, unlike in this one, no record at all was made of the proceedings in question.

The judgment of the trial court is affirmed.