

# The Attorney General of Texas

July 7, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James W. Smith
Frio County Attorney
P. O. Box V
Pearsall, Texas    78061

Opinion No. MW-487

Re:  County liability for cost
of reporter's shorthand notes
in county court criminal trial

Dear Mr. Smith:

You advise that Frio County does not have a county court-at-law
or other statutory court, and that the county court conducts criminal
trials as well as civil trials.  You ask if it is the responsibility
of the county to pay a court reporter when one is demanded in a county
court criminal trial and, if so, whether the costs thereof can be
adjudged against a convicted defendant.

Article 2321, V.T.C.S., which formerly applied only to each
"district and criminal district judge" now reads:

> Each judge of a court of record shall appoint an
> official court reporter who shall be a sworn
> officer of the court and shall hold office at the
> pleasure of the court.

County courts are courts of record.  Tex. Const. art. V, §15.

It is thus the duty of the county judge to appoint an official
court reporter for the court, and it is the duty of the official
reporter, when requested, to attend all sessions of court, take full
shorthand notes, preserve them, and furnish transcripts of evidence
and other proceedings.  V.T.C.S. art. 2324.  See also Tex. R. Civ. P.
376b.  Although such reporters should be certified, non-certified
reporters may be employed if certified reporters are not available.
V.T.C.S. art. 2324b, §§1, 14.  See also V.T.C.S. art. 2326a-1
(visiting reporters, payment).

Even before article 2321 was amended to apply to all courts of
record, it was mandatory that county courts appoint court reporters to
report all trial proceedings in criminal trials when requested by the
defendant.  Code Crim. Proc. art. 40.09, §4.  Cartwright v. State, 527
S.W.2d 535 (Tex. Crim. App. 1975).  Article 40.09, section 4 of the
Code of Criminal Procedure specifies:

> At the request of either party the court reporter shall take shorthand notes of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. He is not entitled to any fee in addition to his official salary for taking these notes....

A similar rule applies with respect to civil cases in county courts. V.T.C.S. art. 2327. Although these statutes require the appointed shorthand reporter to take notes of proceedings only when requested to do so by a party, another statute, article 2327d, V.T.C.S., permits the county judge to have the official reporter take and preserve a record of all hearings before him.

In any case, the burden of the court reporter's official salary is to be borne by the county for which the reporter was appointed. Article 2326c, V.T.C.S., provides:

> The official shorthand reporter... of any County Court... in this State, where the compensation of such reporter of such County Court... is not otherwise provided by special law, shall receive a salary of [not more than Two Thousand Seven Hundred Dollars ($2,700.00) per annum, nor less than Two Thousand Four Hundred Dollars ($2,400.00) per annum], such salary to be fixed and determined by the... County Judge... of the Court wherein such shorthand reporter is employed, in addition to the compensation for transcript fees as provided for by law. Said salary shall be paid monthly by the Commissioners Court of the county out of the General Fund of the county, or in the discretion of the Commissioners Court, out of the jury fund of said County.... (Emphasis added).

The foregoing statute no longer governs the amount of salary that may be paid the official reporter for a county court, but it still specifies the source of the salary. To the extent that article 2326c purports to prescribe the salary, it has been repealed by article 3912k, V.T.C.S. See Attorney General Opinion H-200 (1974). The latter act allows the salary to be set at no less than the appropriate salary existing on January 1, 1972, but does not specify a maximum.

In the case of most offices to which it is applicable, section 1 of article 3912k directs that the salary be set by the commissioners court, but section 4 thereof specifies:

> Nothing in this Act is intended to affect the lawful procedures and delegations of authority heretofore established in any county for the purpose of setting the salary of county and precinct employees.

Inasmuch as article 2326c, V.T.C.S., had theretofore delegated to the county judge the authority to set the salary for the county court official shorthand reporter, the county judge continues to possess that power in Frio County.

There is no provision in the law for assessing the official salary of the court reporter (or the per diem and expenses of a substitute) as costs against a criminal defendant. See Code Crim. Proc. art. 1011. See also V.T.C.S. arts. 2326a, 2326a-1, 2326c. On the other hand, a defendant requesting transcription of the reporter's shorthand notes will in most cases be required to pay therefor. Code Crim. Proc. art. 40.09, §5. See Attorney General Opinion H-200 (1974).

We advise that it is the responsibility of Frio County to pay a court reporter when one is demanded in a county court criminal trial and that neither the costs of the reporter's official salary, nor the per diem and expenses of a substitute, can be adjudged against a convicted defendant.

### S U M M A R Y

> It is the responsibility of Frio County to pay a court reporter when one is demanded in a county court criminal trial, and neither the costs of the reporter's salary, nor the per diem and expenses of a substitute, can be adjudged against a convicted defendant.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Jack Sparks
Bruce Youngblood