**James SOTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 622–82.**

Court of Criminal Appeals of Texas, En Banc.

June 20, 1984.

Richard L. Manske, El Campo, for appellant.

David Roberts, Port Lavaca, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is a petition for discretionary review brought by the appellant from the Corpus Christi Court of Appeals, 654 S.W.2d 1. At trial, appellant was convicted of assault and punishment was assessed at sixty days' confinement and a $500 fine, probated.

The sole question presented is whether Article 40.09, V.A.C.C.P., mandates that a certified court reporter take down and transcribe the testimony at trial or whether the trial court may employ other comparable alternative methods in insuring an appellate record is prepared, after the appellant has requested that a court reporter take down the proceedings.

The record in the instant case reflects that the trial court denied appellant's motion to have the court reporter take down the proceedings because the court reporter was not available. Instead, the trial judge ordered the county clerk to tape record the proceedings and then transcribe them. The record shows that the county clerk operated the tape recorder from the beginning of the trial until the beginning of the voir dire at which time she had to leave to attend to other business. At that time, a deputy county clerk, who had been sitting in the courtroom since the beginning of the trial, took over operation of the recorder. At the conclusion of the trial, the deputy county clerk delivered the tapes to the county clerk who deposited them in her safe. Later, the deputy county clerk transcribed the tapes. The deputy county clerk testified that at several points throughout her transcription when she was unable to decipher what was said on the tape she left three dots in a row to show that a portion of the proceedings were missing because it was unintelligible.

The Court of Appeals found that although the trial court's action may have been error it was harmless error because the specific defects in the record pointed out by appellant were corrected by the trial court. We disagree with this holding.

Article 40.09(4), V.A.C.C.P., in effect at the time of appellant's trial, provided the following:

"4. Effect of transcription of reporter's notes

"At the request of either party the court reporter shall take shorthand notes

of all trial proceedings, including voir dire examination, objections to the court's charge, and final arguments. He is not entitled to any fee in addition to his salary for taking these notes. A transcription of the reporter's notes when certified to by him and included in the record shall establish the occurrence and existence of all testimony, argument, motions, pleas, objections, exceptions, court actions, refusals of the court to act and other events thereby shown and no further proof of the occurrence or existence of same shall be necessary on appeal; provided, however, that the court shall have power, after hearing, to enter and make part of the record any finding or adjudication which the court may deem essential to make any such transcription speak the truth in any particular in which the court finds it does not speak the truth and any such finding or adjudication having support in the evidence shall be final."

Article 40.09(4), supra, is very specific. In *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.1975), this Court wrote that the statute becomes mandatory whenever a request for a court reporter is made and any refusal to furnish a court reporter is per se prejudicial. Harm need not be shown.

"We conclude that under the said provisions of Article 40.09, supra, the Judge of the County Court of Shelby County was required to appoint, when requested to do so, a court reporter to report all trial proceedings in the instant criminal case which was appealable by law to the Court of Criminal Appeals." (footnotes omitted). 527 S.W.2d at 538.

See also: *Froyd v. State*, 628 S.W.2d 866 (Tex.App.—Corpus Christi, 1982), remanded on other grounds 633 S.W.2d 884 (Tex. Cr.App.1982); Attorney General's Opinion H–569, March 31, 1975; 21 Tex.Jur.3d Criminal Law, Section 1442.

The State erroneously argues that appellant must show some harm or prejudice as a result of the trial court's actions and, since appellant was furnished with a copy of the transcribed tape recording, no harm resulted. But *Cartwright* held that harm need not be shown. Indeed, in *Cartwright*, this Court, finding that under prior caselaw a showing of harm had always been necessary for reversal before a refusal to furnish a court reporter to take voir dire would constitute reversible error, overruled a number of cases to the extent they conflicted with the "per se prejudice" rule enunciated in *Cartwright*. The Court found no need to have two separate rules for cases in which a court reporter was needed to take down the entire proceedings and for cases in which a court reporter was needed just for voir dire. See *Cartwright v. State*, footnote 6, page 538.

The State also erroneously interprets *Ex parte Jones*, 562 S.W.2d 469 (Tex.Cr.App. 1978), as supporting its position. However, the issue in *Jones* was whether the per se reversible error rule enunciated in *Cartwright v. State*, supra, should be applied retroactively. The Court found that violations of Article 40.09(4) had always constituted error. *Cartwright* has only changed the defendant's burden of proof in showing reversible error on appeal. Thus, since *Jones* had the opportunity to satisfy the pre-*Cartwright* standard of harm in his original appeal and since in reality the construction of Article 40.09(4) had not been changed by *Cartwright*, the per se reversible error rule enunciated in *Cartwright* need not be applied retroactively.

In its opinion in the instant case, the Court of Appeals held that *Gamble v. State*, 590 S.W.2d 507 (Tex.Cr.App.1979), and *Cartwright v. State*, supra, were distinguishable because in those cases the defendants were not provided with a reasonable alternative to the court reporter's transcription of the proceedings. We decline to sanction the granting of alternatives such as the one in the instant case. We shudder to think of the condition of appellate records should such alternatives be allowed.

Because we feel that Article 40.09(4), supra, is mandatory upon proper request by the defendant, and the defendant

need not show any harm, and because the appellant in the instant case made such timely request, we reverse the Court of Appeals' decision and remand this case to the trial court.

The judgment is reversed and remanded.