James Hilton BOND, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 84 164 CR.

Court of Appeals of Texas,
Beaumont.

June 26, 1985.

Petition for Discretionary Review
July 18, 1985.

Dexter Patterson, Nederland, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BURGESS, Justice.

Appellant was convicted by a jury of aggravated robbery and the jury assessed punishment at 99 years confinement in the Texas Department of Corrections. Appellant brings forth three grounds of error in this appeal.

■ Ground of error number two complains of the trial court allowing a witness to testify to appellant's reputation in violation of the rule. Appellant concedes this matter is within the sound discretion of the trial court. The reputation witness did not hear any other reputation witnesses. The witness, on cross-examination, testified he was not basing his reputation testimony on the instant offense, i.e., what he may have heard in the courtroom. We find no abuse of discretion. Ground of error number two is overruled.

■ Ground of error number three alleges the trial court erred in not striking the reputation witness' testimony. In support of this ground of error appellant relies on the testimony from the witness that his knowledge of the appellant's reputation was based upon what he had read in the newspapers and heard from his brother.

The witness' brother was a jailer at the county jail. The witness testified he had heard other things from his brother other than the instant case. The trial court did not err in failing to strike the testimony. Ground of error number three is overruled.

■ Appellant's ground of error number one is controlling. Here appellant alleges he was denied due process because the court reporter failed to take down a portion of the state's closing argument at the guilt or innocence stage. That portion of the statement of facts appears thusly:

"[MR. M]: Now ladies and gentlemen, comes the time for you to make the decision on the guilt or innocence of this Defendant.

(Mr. M. rate of speaking extremely fast and

(beyond this Reporter's writing capabilities.

(On checking audio, it was found that a

(defective tape, previously undetectable, had

(been used, resulting in the audio being

(impossible to understand.)

(During Mr. M. closing argument Mr. P. made

(objection, as follows:)

"[MR. P]: Object to the term weak juror, Your Honor, and he is trying to impose upon them the word duty being synonymous to convict. He is going outside the record and outside the charge.

"THE COURT: Overruled.

"[MR. M]: The Judge says I am correct. I am just reading to you from the charge, you have the duty to determine what the facts are—

(Mr. M. continues his extremely fast speaking to

(conclusion of his closing remarks)

The state's reply is that appellant did not exercise due diligence in failing to object to the record when it was disclosed a portion of the statement of facts was missing. Several recent cases have dealt with this problem of missing statement of facts. In *Gamble v. State,* 590 S.W.2d 507 (Tex.Crim.App.1979), the case was reversed when the notes of closing arguments were not included in the appellate record even when no error was alleged to have occurred. The court did require due diligence on the part of the appellant which was satisfied by repeated attempts to have the notes included in the statement of facts. *Austell v. State,* 638 S.W.2d 888, 890 (Tex. Crim.App.1982), followed *Gamble, supra,* when it was stated: "When an appellant, through no fault of his or his counsel's, is deprived of a part of the statement of facts which he diligently requested, the appellate court cannot affirm the conviction."

More recently, in *Soto v. State,* 671 S.W.2d 43 (Tex.Crim.App.1984), a Court of Appeals was reversed. The appeals court had held that to deny a court reporter and the transcription was not error when the defendant had been allowed a tape recorded transcription and thus no harm was shown. The Court of Criminal Appeals held once again, that no harm need be shown, that the request for a court reporter is mandatory and that the tape recorded alternative was not to be sanctioned.

In addition to their diligence argument, the state suggests that when a portion of the statement of facts is missing, the appellant should be required to seek a hearing to supplement the record. But see, *Walker v. State,* 642 S.W.2d 189 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Neither of the state's arguments can stand in this instance. Here the court reporter acknowledged he could not or did not take the missing portion of the argument. It was virtually impossible to supplement the record. Any objections to the record would have been futile. The ground of error must be sustained and the conviction reversed and remanded for a trial.

■ We cannot, however, reverse and remand without proposing future curative measures. A court reporter must, if found in this situation, either advise the "fast talking" attorney prior to or during the dilemma or advise the trial judge of the problem. Court reporters must insure their capabilities can match the "fast talking" attorneys for a very literal reading of

**624**

*Soto, supra,* may not allow a mechanical alternative for the reporters' notes.

REVERSED AND REMANDED.