# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

--------------
## NO. 03-02-00148-CR
--------------

**Charley W. Kuykendall, Appellant**

**v.**

**The State of Texas, Appellee**

----------------------------------------------------------------------

### FROM THE COUNTY COURT OF SAN SABA COUNTY
### NO. 6398, HONORABLE HARLEN BARKER, JUDGE PRESIDING
----------------------------------------------------------------------

Appellant Charley Kuykendall appeals the revocation of his probation. In two issues, appellant contends that (1) the court erred by conducting the revocation hearing without a court reporter and (2) the State=s second amended motion was insufficient to provide appellant notice consistent with due process. We will reverse the revocation and remand to the trial court.

## DISCUSSION

Appellant was convicted of the offense of driving while intoxicated and placed on probation for one year. Six months later, the State filed its first amended motion to revoke his probation, and after a hearing the court granted the motion. Appellant was sentenced to ninety days= confinement in the San Saba County Jail.

Before the hearing on the State=s motion to revoke his probation, appellant objected to proceeding with the hearing in the absence of a court reporter present to record the testimony. The court overruled appellant=s objection and proceeded with the hearing. Because no reporter was present, no reporter=s record was made of the proceedings.

Appellant contends that a court reporter must be used in all proceedings in a criminal case if requested by the defendant, and that failure to grant such a request is reversible error with no requirement of a showing of harm. *See* Tex. R. App. P. 13.1; *Soto v. State*, 671 S.W.2d 43, 45 (Tex. Crim. App. 1984). The State concedes this point in its brief and asks us to remand the cause to the trial court. Accordingly, we sustain appellant=s first issue.

### CONCLUSION

Because we sustain appellant=s first issue, we need not reach his complaint regarding the sufficiency of the State=s second amended motion to revoke his probation. The court=s order revoking probation is reversed and the cause remanded for further proceedings.

_____

**Marilyn Aboussie, Chief Justice**

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: August 30, 2002

Do Not Publish