**Opinion issued August 2, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00973-CR

———————————

## EX PARTE CARLOS ALEXANDER AGUILAR, Appellant

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1248496-A**

---

## OPINION

Carlos Alexander Aguilar appeals from the denial of his post-conviction application for writ of habeas corpus, complaining that the trial court abused its discretion by not holding an evidentiary hearing on his application.

**Background**

Aguilar, who was born in El Salvador, was residing in the United States under temporary protected status (TPS). In 2010, Aguilar was charged with the offense of aggravated sexual assault of a child by having sexual intercourse with a 13-year-old girl when he was 18 years old. *See* TEX. PENAL CODE ANN. § 22.021(b) (West Supp. 2015). He eventually pleaded guilty to the offense of indecent exposure to a child[1] and received deferred adjudication community supervision.

Aguilar filed an application for writ of habeas corpus, asserting that his trial counsel was ineffective for failing to advise him of the potential immigration consequences for pleading guilty and for advising him against going to trial. Attached to the application were two affidavits: (1) an immigration attorney, Bianca Santorini, who averred that Aguilar had not been properly admonished about the immigration consequences, and that if he had, he might have sought a jury trial or a better plea; and (2) the complainant in the underlying criminal case, who averred that she was never interviewed questioned by Aguilar's attorney or the District Attorney. The hearing date on the application was reset until October 8, 2015. According to the affidavit of Aguilar's counsel, he appeared on October 8 for the hearing with a number of witnesses, but was advised that the trial court had

---

[1]     *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2011).

denied the application and no hearing would be held. Aguilar's counsel maintains that when he approached the bench to insist that he be permitted to present his evidence, the trial court responded that he could appeal the ruling.

Aguilar filed a motion for new trial, claiming the trial court violated his right to due process and abused its discretion by not advising counsel that the trial court would not hear live testimony. Counsel attached to the motion for new trial the affidavits of the witnesses he had planned to call at the hearing, including (1) defense counsel, Shawn Rudisel, who represented him in the aggravated sexual assault case; (2) Liseth Arevalo, the complainant; (3) Bianca Santorini, an immigration attorney; (4) Aguilar; (5) Aguilar's mother; (6) Aguilar's brother; and (7) DaSean A. Jones, the attorney who filed the habeas application. None of the witnesses, other than his defense counsel, stated that they were present during all of the conversations with his attorney or when the trial court accepted his plea.

## Standard of Review

The denial of Aguilar's application for writ of habeas corpus is one within the trial court's discretion and may be overturned only if we find the trial court abused its discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The generally-applied abuse of discretion standard is not appropriate "when the decision does not turn on the credibility or demeanor of witnesses." *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999). Statutory construction is

3

a question of law that we review de novo. *Spence v. State*, 325 S.W.3d 646, 650 (Tex. Crim. App. 2010).

## Analysis

Aguilar challenges the trial court's refusal to hold a hearing as an abuse of discretion and a violation of his right of due process. The State responds that Aguilar's complaints were not preserved for review because Aguilar did not obtain a ruling on his request for a hearing and object to the ruling. *See Lovill v. State*, 319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009) (stating that to preserve complaint, record must show specific and timely complaint and trial court ruling on complaint); *Ex parte Luciw*, No. 03–08–00445–CR, 2009 WL 5150018, at *3 (Tex. App.—Austin Dec. 31, 2009, no pet.) (mem. op., not designated for publication) (holding error not preserved because record contained no request for trial court hearing). The record contains no request for a hearing and no ruling denying a request.

A trial court is not required to hold a hearing. Article 11.072 delineates the process for habeas applications when an applicant seeks relief from a judgment of conviction that orders community supervision, as occurred here. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1. The relevant provisions are:

> (a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.

> (b) In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing and may rely on the court's personal recollection.

*Id.* at art. 11.072 § 6.

Although Aguilar claims he was entitled to an evidentiary hearing, article 11.072 does not require the trial court to hold any hearing—let alone an evidentiary hearing—before rendering its decision. *See Ex parte Franklin*, 310 S.W.3d 918, 922–23 (Tex. App.—Beaumont 2010, no pet.) (holding that trial court is not required to hold oral hearing when determining whether to deny habeas application alleging ineffective assistance of counsel); *see also Ex parte Godinez*, No. 10–13–00063–CR, 2014 WL 98816, at *2 (Tex. App.—Waco Jan. 9, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that article 11.072 does not require court to hold evidentiary hearing).

The trial court may consider affidavits attached to an application as evidence without a hearing. *See Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.). Because the statute does not require a hearing, the trial court's decision to rule based on the submitted affidavits did not violate Aguilar's due process rights. *See In re Pesina*, No. 07–15–00380–CR, 2016 WL 383845, at *2 (Tex. App.—Amarillo Jan. 27, 2016) (mem. op., not designated for publication) (article 11.072 provides variety of ways for court to reach decision and no due process violation shown simply because trial court held no evidentiary hearing); *Ex*

*parte Hollowell*, No. 03–11–00240–CR, 2012 WL 1959309, at \*6–7 (Tex. App.—Austin June 1, 2012) (overruling due process challenge because article 11.072 does not require a hearing), *pet. ref'd*, 392 S.W.3d 661 (Tex. Crim. App. 2013).

Aguilar also contends the trial court violated the Code of Judicial Conduct. Canon 3(B)(8) provides: "A judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to law." Tex. Code Jud. Conduct, Canon 3(B)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G., app. B (West 2013). Because article 11.072 does not require a trial court to hold a hearing on an application for writ of habeas corpus, the trial court did not violate the Code of Judicial Conduct.

Finally, Aguilar claims the trial court violated the Code of Judicial Conduct by having ex parte communications with the State. *See* Tex. Code Jud. Conduct, Canon 3(B)(8), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G., app. B. Aguilar contends the State was given notice of the trial court's intent to have a hearing by affidavit rather than by live testimony, but he was not. Aguilar, however, presents no proof of ex parte communications and no evidence of ongoing bias or prejudice toward Aguilar.

## Conclusion

Because Aguilar has not shown the trial court abused its discretion, we affirm the trial court's judgment.

Harvey Brown
Justice


Panel consists of Justices Keyes, Brown, and Huddle.

Publish.  TEX. R. APP. P. 47.2(b).