**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00472-CR
NO. 09-17-00473-CR
NO. 09-17-00474-CR
NO. 09-17-00475-CR
NO. 09-17-00476-CR
NO. 09-17-00477-CR

_____

**EX PARTE CALVIN GARY WALKER**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 14-19970, 14-19969, 14-19968, 14-19967, 14-19966, 14-19965**

**MEMORANDUM OPINION**

These are accelerated appeals from the trial court's order denying habeas relief in six separate cases. In his sole issue in each case, appellant Calvin Gary Walker contends that the trial court erred by issuing his writ for habeas relief in each case and then quashing his subpoenas seeking evidence in support of his applications and by denying his request for an evidentiary hearing. We affirm the trial court's order denying habeas relief in trial cause numbers 14-19965, 14-19966, 14-19967, 14-19968, 14-19969, and 14-19970.

1

BACKGROUND

In September 2017, Walker filed an application for writs of habeas corpus in six criminal cases, seeking the dismissal of the indictments against him based on double jeopardy grounds. In his applications, Walker argued that double jeopardy applies in all six cases because he was previously prosecuted in federal court for the same conduct that these pending state cases are based upon. According to Walker's applications, the "separate sovereigns exception" to the Double Jeopardy Clause should be abolished.

Walker acknowledged that he filed applications for a writ of habeas corpus in these cases in 2014, this Court affirmed the trial court's denial of his 2014 applications, the Texas Court of Criminal Appeals denied his petitions for discretionary review, and the United States Supreme Court also denied his petitions for certiorari without stating a reason. *See Ex parte Walker*, 489 S.W.3d 1, 14 (Tex. App.—Beaumont 2016, pet. ref'd), *cert. denied*, 137 S.Ct. 1813 (2017) (affirming the trial court's orders denying Walker a formal evidentiary hearing and habeas relief on double jeopardy grounds, and concluding that no exception to the dual sovereignty doctrine applied). Walker's 2014 applications focused on the "*Bartkus* exception" to the dual sovereignty doctrine, which prevents successive prosecutions by separate sovereigns when one prosecuting sovereign acts as a tool for the other or when a prosecution by one sovereign amounts to a sham for a second prosecution

2

by another sovereign. *See id.* at 9, 11-12; *see also Bartkus v. Illinois*, 359 U.S. 121, 123-24 (1959).

Walker contends that after his 2014 applications were denied, the Supreme Court decided a case in which two of the justices suggested that the Court should conduct a fresh examination of the separate sovereigns exception to the Double Jeopardy Clause. *See Puerto Rico v. Sanchez Valle*, 136 S.Ct. 1863, 1877 (2016) (Ginsburg, J. and Thomas, J., concurring). According to Walker, the Supreme Court may have previously denied certiorari because he did not clearly raise the constitutionality of separate sovereigns exception in his 2014 applications, having conceded that the dual sovereignty doctrine was valid. In his 2017 applications, Walker argued that "[t]he separate sovereigns exception harms criminal defendants in the precise ways the Double Jeopardy Clause seeks to avoid[,]" and that these cases present an excellent opportunity for the Supreme Court to reconsider the separate sovereigns exception.

In its response to Walker's applications, the State asserted that Walker is not entitled to relief because double jeopardy does not apply to the pending State prosecutions and because the separate sovereigns exception to double jeopardy remains the law and is not unconstitutional. The State further argued that Walker's applications failed to present any new arguments for the trial court to consider. In October 2017, the trial court issued six pretrial writs of habeas corpus and concluded

that Walker's claims for habeas corpus relief based on the double jeopardy provisions in the United States and Texas Constitutions should be denied on the merits.

Walker filed a motion to set aside the trial court's order denying the merits of his applications, requesting that the trial court abide by its oral pronouncement at the pretrial hearing and withhold ruling on the merits until both parties have had an opportunity to file supplemental information. Walker attached a copy of the reporter's record of the hearing which reflects that the trial court agreed to give Walker time to supplement his applications. In November 2017, the trial court vacated and set aside its October 2017 order denying Walker's applications on the merits and ordered that he supplement the applications by December 4, 2017. Walker issued two subpoenas duces tecum in relation to his applications, one for Jefferson County District Attorney, Bob Wortham, and one for former United States Attorney, John Malcolm Bales. Walker requested that Wortham and Bales provide, among other things, copies of all records of communications between former District Attorney Corey Crenshaw or the Jefferson County's District Attorney's office and former United States Attorney Bales or any member of the United States Attorney's Office regarding Walker or the State's prosecution of Walker.

The State filed a motion to quash Walker's subpoenas duces tecum. In its amended motion to quash, the State argued that Walker's subpoenas are premised

4

on the State's decision to prosecute Walker, but Walker's current applications make a "facial" challenge to the constitutionality of the doctrine of dual sovereignty and are not based on double jeopardy. The State argued that in his 2014 applications, Walker tried to claim that based upon the surrounding circumstances related to the State's prosecution, the *Bartkus* exception to the general rule of dual sovereignty applied because the Jefferson County District Attorney's Office was being used as a mere tool of federal authorities who were dissatisfied with the outcome of Walker's federal trial. The State further argued that the legality of the State's prosecution of Walker was resolved in Walker's 2014 applications when the trial court determined that the federal prosecution was not used as a "'cover or tool'" for Walker's subsequent state prosecutions on separate charges.

According to the State, even if the Supreme Court were to declare the doctrine of dual sovereignty unconstitutional, Walker still would not be entitled to relief because the State prosecutions at issue are unrelated to the federal prosecution and do not constitute double jeopardy. The State maintained that Walker's 2017 applications delve into circumstances that have no relevance to the constitutionality of the doctrine of dual sovereignty, and that Walker should not be allowed to seek evidence that involves matters that were resolved in his 2014 applications. According to the State, Walker is asking the trial court to revisit the separate

sovereigns exception without regard to *Bartkus* and to declare it unconstitutional despite the fact that it remains the law.

On December 4, 2017, the trial court conducted a status conference hearing, during which Walker's counsel stated that Walker's efforts to supplement had been frustrated by the State's motions to quash. Walker's counsel requested a factual hearing to make a record, explaining that in the 2014 applications, Walker was never given an opportunity to develop the record. The State maintained that it stood by its motions to quash because Walker was attempting to discover evidence to re-litigate matters that had been resolved in Walker's 2014 applications. The State asked that the trial court limit Walker's discovery to the issue raised in his 2017 applications, asking the trial court to declare the doctrine of dual sovereignty unconstitutional, and to deny Walker relief. The State requested that the trial court take judicial notice that Walker had been prosecuted and convicted in federal court for failing to pay federal taxes when due. The State also requested that the trial court rule that no double jeopardy applies because the State's charges are different from the federal offense for which Walker was convicted.

The trial court granted the State's motions to quash, denied Walker's request for a factual hearing, and denied Walker's 2017 applications, finding that his new claim for relief is without merit. In its written order, the trial court took judicial notice of the legal claims that Walker presented in his 2014 applications, of its 2014

6

orders denying Walker habeas relief, and of this Court's opinion affirming the trial court's denial of relief. The trial court determined that from the face of Walker's 2017 applications and the arguments that Walker's counsel made during the December 2017 hearing, Walker's "lone 'new' legal claim" amounts to the assertion that "as an exception to a defendant's double-jeopardy protections, the dual sovereignty doctrine should not exist." The trial court noted that it is well established that an individual may be prosecuted separately by two different sovereigns for the commission of the same act and that the separate prosecutions do not violate federal due process or constitutional prohibitions against double jeopardy. The trial court further noted that the Texas Court of Criminal Appeals, various intermediate appellate courts in Texas, and the Fifth Circuit have all applied the dual sovereignty doctrine to preclude double jeopardy claims based on successive prosecutions brought by the state and federal authorities for the same act or conduct.

The trial court found that Walker's remaining arguments in his 2017 applications are an attempt to re-litigate the claims in his 2014 applications that have been "fully, fairly, and finally litigated, and the legal merits of said claims have been rejected by this Court and by the Ninth Court of Appeals[.]"The trial court found that it "is constrained by the 'law of the case' doctrine from ruling any further on [Walker's 2014] claims." The trial court concluded that "[b]ecause the dual-sovereignty doctrine is recognized as a valid and viable theory of law by numerous

7

courts of superior jurisdiction, . . . [the trial court] is duty-bound to also recognize and apply said doctrine[.]" Because the legal viability of the dual sovereignty doctrine presents a question of law, the trial court determined that "it was not necessary for [the trial court] to hear testimony from witnesses at an evidentiary hearing."

Analysis

In a single appellate issue, Walker contends that the trial court erred by issuing his six writs of habeas relief, quashing Walker's subpoenas seeking evidence in support of his applications, and refusing Walker's request for a factual hearing to make a record. We review the granting or denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd); *see also Ex parte Craft*, 301 S.W.3d 447, 448 (Tex. App.—Fort Worth 2009, no pet.) (mem. op. on reh'g). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Ex parte Klem*, 269 S.W.3d at 718. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Id*. We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of credibility and demeanor. *Id*. We review the determination *de novo* when resolution of those

8

questions turns on an application of legal standards. *Id*.; *see also Ex parte Aguilar*, 501 S.W.3d 176, 178 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Facial constitutional challenges are cognizable on application for pretrial writ of habeas corpus. *See Ex parte Perry*, 483 S.W.3d 884, 896 (Tex. Crim. App. 2016). Whether the separate sovereigns exception is facially constitutional is a question of law that is subject to *de novo* review. *See Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). Based on Walker's 2017 applications and the arguments that Walker's counsel made during the December 2017 hearing, the trial court determined that Walker's sole legal claim challenged the viability of the dual sovereignty doctrine, despite the doctrine being well established and having been applied by courts of superior jurisdiction. Viewing the entire record in favor of the trial court's ruling, we conclude that the trial court did not abuse its discretion by declining to declare the dual-sovereignty doctrine unconstitutional. *See id.*; *Ex parte Klem*, 269 S.W.3d at 718.

We further conclude that the trial court did not abuse its discretion by determining that the legal viability of the dual sovereignty doctrine presents a question of law that did not require an evidentiary hearing, and that Walker was not entitled to develop a factual record concerning Walker's 2014 claims that have been finally litigated. *See Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) (stating that the legal principle of the "law of the case" provides that an appellate

court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue in a subsequent appeal); *Ex parte Walker*, 489 S.W.3d at 13-14 (concluding that Walker failed to allege facts showing that the *Bartkus* exception to the dual sovereignty doctrine applied to the State's indictments). We overrule Walker's issue and affirm the trial court's order denying Walker's applications for writ of habeas corpus in trial cause numbers 14-19965, 14-19966, 14-19967, 14-19968, 14-19969, and 14-19970.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on March 21, 2018
Opinion Delivered April 18, 2018
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.