**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00132-CR**
_____

**EX PARTE THOMAS MICHAEL GARBETT**

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 18-30163

**MEMORANDUM OPINION**

Thomas Michael Garbett appeals from the trial court's denial of his application for writ of habeas corpus, in which he asserted that double jeopardy and collateral estoppel bar his prosecution as to five counts, four of which involve alleged aggravated sexual assault of a child and one of which pertains to alleged indecency with a child. We affirm the trial court's judgment denying Garbett's application for writ of habeas corpus.

BACKGROUND

In his habeas application, Garbett stated that he had been charged in an eight-count indictment, and that after a full trial, the jury found him not guilty as to counts one, three, and eight, but was unable to reach a verdict on counts two, four, five, six, and seven. The eight-count indictment alleged that Garbett (1) penetrated the victim's sexual organ by inserting his finger; (2) penetrated the victim's sexual organ by inserting his tongue; (3) penetrated the victim's sexual organ by inserting his sexual organ; (4) penetrated the victim's mouth by inserting his sexual organ; (5) penetrated the victim's anus by inserting his finger; (6) engaged in sexual contact with the victim by having the victim touch his genitals; (7) caused the victim's anus to contact his mouth, and (8) caused the penetration of the victim's anus by inserting his sexual organ. The indictment alleged that each count occurred "on or about" August 25, 2013.

According to Garbett, the current case and the first trial involve the same victim, the same date, and the same allegations. Garbett asserted that retrying him on counts two, four, five, six, and seven is barred by double jeopardy and collateral estoppel because "at least two core ultimate issues of fact have already been decided in this case." Garbett maintained that the victim could not identify him, and that records from her outcry and counseling sessions "indicated multiple denials that she

was molested or that she even knew [Garbett]." Additionally, Garbett argued that the only physical corroboration of the victim's claims was a small bruise on the outside of her vagina, and he asserts that said bruise would only support counts one and three, for which he was acquitted. According to Garbett's application, "[i]f the jury did not believe corroborated testimony on the acquitted [c]ounts, surely it could not have believed testimony on the uncorroborated [c]ounts[,]" and he maintained that "the ultimate issue of fact permeating this entire prosecution is that the jury simply did not believe the victim's story."

The trial court conducted a brief hearing on Garbett's application, at which it admitted the testimony from the initial trial into evidence. The trial judge signed an order denying Garbett's application for writ of habeas corpus, and Garbett appealed.

GARBETT'S ISSUES

In his first appellate issue, Garbett contends that double jeopardy bars retrying him on counts two, four, five, six, and seven, and in his second issue, Garbett contends that retrying him on those counts is barred by collateral estoppel. Specifically, Garbett argues that the acts in each count allegedly "occurred on the exact same date against the same child by appellant[,]" and the evidence adduced "consisted of blanket and general allegations of sexual abuse occurring over a period of time on multiple occasions by one perpetrator." According to Garbett, the

3

evidence and testimony regarding the allegations "were interrelated and inextricably intertwined[,] and he maintains that a rational jury could not have found him not guilty of some of the counts but failed to make a finding regarding the remaining counts. Garbett asserts that because he was acquitted of three counts, "he had in effect been tried on all of the blanket allegations." In his brief, Garbett asserts that the only issues were whether the victim was abused in the "continual manners" described in the counts and whether he was the perpetrator. According to Garbett, by acquitting him on the "interrelated" counts that pertain to the same date and the same person, the jury "in effect found that the State failed to prove the substance of the indictment regarding all counts." Garbett contends that the State did not attempt to separate the charges of "continuing sexual abuse[.]"

We review the trial court's denial of an application for writ of habeas corpus under an abuse of discretion standard. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). We consider the entire record and review the facts in the light most favorable to the trial court's ruling. *Id*. We afford almost total deference to the trial court's determination of historical facts supported by the record, especially findings that are based on an evaluation of credibility and demeanor. *Id*. We afford the same deference to the trial court's rulings on application of law to fact questions when resolution of those questions turns on an evaluation of

4

credibility and demeanor. *Id*. We review the trial court's determination *de novo* when resolution turns upon application of legal standards. *Id*.; *see also Ex parte Aguilar*, 501 S.W.3d 176, 178 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Double jeopardy prohibits twice placing a person in "legal jeopardy" when he is put to trial before a court of competent jurisdiction. *State v. Nash*, 817 S.W.2d 837, 840 (Tex. App.—Amarillo 1991, writ ref'd); *see also* U.S. Const. amend. V; Tex. Const. art. I, § 14. A trial court's declaration of mistrial following a hung jury does not terminate the original jeopardy to which a defendant was subjected. *Richardson v. U.S.*, 468 U.S. 317, 326 (1984); *Ex parte McAfee*, 761 S.W.2d 771, 772 (Tex. Crim. App. 1988). "'[A]n accused must suffer jeopardy before he can suffer double jeopardy[.]'" *Ex parte McAfee*, 761 S.W.2d at 772 (quoting *Serfass v. U.S.*, 420 U.S. 377, 393 (1975)). The State, "like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." *Richardson*, 468 U.S. at 326. The Double Jeopardy clause does not mean that each time a defendant is put to trial before a competent tribunal, he is entitled to go free if that trial does not end in a final judgment. *Ex parte McAfee*, 761 S.W.2d at 772-73. In the absence of a final judgment, the defendant remains under the initial jeopardy, and a retrial for the same offense therefore does not constitute double jeopardy. *Id*. at 773.

Collateral estoppel means that when an issue of ultimate fact has been determined by a valid final judgment, the same issue cannot again be litigated between the parties in the future. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex. Crim. App. 2007). Collateral estoppel deals with specific factual determinations, not legal claims or legal conclusions. *Guajardo v. State*, 109 S.W.3d 456, 460 (Tex. Crim. App. 2003).

It is well settled that the "on or about" language of an indictment does not bind the State, but instead "allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 255-256 (Tex. Crim. App. 1997). When an indictment alleges that a relevant event occurred "on or about" a particular date, "the accused is put on notice to prepare for proof that the event happened at any time within the statutory period of limitations." *Thomas v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). Various acts of sexual misconduct do not comprise a single offense under Texas law. *Vernon v. State*, 841 S.W.2d 407, 410 (Tex. Crim. App. 1992). "Rather, those who commit multiple discrete assaults against the same victim[] are liable for separate prosecution and punishment for every instance of such criminal misconduct." *Id.*

6

Such offenses against the same victim do not constitute merely a single continuing offense. *Id.*

We conclude that the trial court's declaration of a mistrial as to counts two, four, five, six, and seven after the jury was unable to reach a verdict as to those counts did not terminate the original jeopardy to which Garbett had been subjected. *See Richardson*, 468 U.S. at 326; *Ex parte McAfee*, 761 S.W.2d at 772. We also conclude that Garbett's various alleged acts of sexual misconduct against the victim do not comprise a single offense, and Garbett is liable for separate prosecution and punishment for each alleged instance. *See Vernon*, 841 S.W.2d at 410; *see also Sledge*, 953 S.W.2d at 255-256; *Thomas*, 753 S.W.2d at 693. We further conclude that Garbett has not shown that the jury made a specific factual determination as to counts two, four, five, six, and seven. *See Stevens*, 235 S.W.3d at 740; *Guajardo*, 109 S.W.3d at 460. For all these reasons, we overrule issues one and two and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 29, 2019
Opinion Delivered October 30, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.