**Opinion issued August 28, 2025**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00203-CR

_____

## EX PARTE NATHANIEL RICHARDSON, Appellant

---

### On Appeal from the 183rd District Court
### Harris County, Texas
### Trial Court Case 0967408B

---

### MEMORANDUM OPINION

In 2004 the appellant pleaded guilty to possession of between 4 and 200 grams of cocaine. The trial court suspended his sentence and placed him on community supervision for six years. His community supervision was terminated in 2008.

In 2024 the appellant filed an application for a writ of habeas corpus challenging his 2004 conviction. *See* TEX. CODE CRIM. PROC. art. 11.072. The habeas court denied relief. The appellant raises eighteen points of error. We affirm.

**Background**

The appellant's habeas application alleged five grounds for habeas relief: Four were ineffective-assistance-of-counsel claims and the fifth was a "prosecutorial misconduct" claim. The closest the application came to proving the appellant's claim was a narrative section of the application that told the appellant's version of events regarding his search, arrest, and criminal proceedings. According to the appellant's unsworn version of events, security guards at his apartment complex unlawfully detained and searched him. The appellant's version of events does not describe what the security officers found or where they found it, but it also does not dispute that he possessed cocaine. In the appellant's version of events, he told his appointed counsel that the search was unlawful but she still negotiated a plea agreement and allowed him to plead guilty. The appellant also faulted his trial counsel for not applying for judicial clemency after he completed his community supervision. The appellant's "prosecutorial misconduct" claim alleged the prosecution had suppressed exculpatory evidence, but the appellant did not explain what evidence was suppressed. The application did not explain why the appellant waited so long to apply for habeas relief.

2

The State replied with an affidavit from the appellant's trial counsel. Trial counsel said she did not remember the case and no longer had records from her representation of the appellant. The habeas court adopted the State's proposed findings of fact and conclusion of law. The habeas court found that the appellant's claims were barred by laches and they also failed on the merits.

## Standard of Review

An applicant seeking post-conviction habeas corpus relief must prove his claims by a preponderance of the evidence. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). For Article 11.072 habeas claims, we review a habeas court's grant or denial of relief only for an abuse of discretion. *Ex parte Zantos-Cuebas*, 429 S.W.3d 83, 87 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The habeas court is the sole factfinder and we act only as an appellate court. *Ex parte Sanchez*, 625 S.W.3d 139, 144 (Tex. Crim. App. 2021). This produces a familiar system of review, where we review legal questions de novo but defer to the habeas court's findings of fact and credibility determinations, both explicit and implied. *Id*. In reviewing the denial of habeas relief, appellate courts view the facts in the light most favorable to the habeas court's ruling. *Ex parte Reed*, 402 S.W.3d 39, 41 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd).

Habeas corpus is an equitable remedy. *Ex parte Smith*, 444 S.W.3d 661, 666 (Tex. Crim. App. 2014). As such, it is subject to the equitable defense of laches. *Ex*

*parte Perez*, 398 S.W.3d 206, 215 (Tex. Crim. App. 2013). Laches applies to writ applications filed under Article 11.072. *Ex parte Bowman*, 447 S.W.3d 887, 888 (Tex. Crim. App. 2014).

Laches bars relief when a defendant's unreasonable delay in raising a collateral claim put the State in a less favorable position. *Ex parte Perez*, 398 S.W.3d at 215. Examples of prejudice from delay include the loss of evidence or witness memories such that the State will be unable to respond to his habeas claims or unable to retry him after a reversal. *See Ex parte Roberts*, 494 S.W.3d 771, 776 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) ("Diminished memories and lost evidence weigh heavily in favor of laches."); *Ex parte Aruizu*, No. 01-15-00250-CR, 2016 WL 1590618, at *8 (Tex. App.—Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op., not designated for publication). "In considering whether prejudice has been shown, a court may draw reasonable inferences from the circumstantial evidence to determine whether excessive delay has likely compromised the reliability of a retrial." *Ex parte Perez*, 398 S.W.3d at 217.

Delays of more than five years "may generally be considered unreasonable in the absence of any justification for the delay." *Id*. at 216 n.12. The longer the period of unreasonable delay, the less prejudice the State must show to prevail on a claim of laches. *Id*. at 217. The State need not show "particularized" prejudice; the habeas court may consider all relevant circumstances. *Id*. at 215.

**Discussion**

We will address the appellant's eighteen points of error not in numerical order but by grouping them based on the content of their arguments.

**A.      Complaints about the habeas court's procedure (Points 1, 12-18).**

In his first point of error the appellant claims the habeas court violated his right to due process by "adopting the [State's proposed] findings without independent judicial review, contradicting *Ex parte Robbins*, 360 S.W.3d 446 (Tex. Crim. App. 2011)." The appellant's twelfth point also complains about the habeas court's "blind adoption" of the State's findings. However, as the State points out, neither *Robbins* nor due process prohibit a habeas court from adopting a party's proposed findings. That's an ordinary practice. *See Green v. State*, 374 S.W.3d 434, 446 (Tex. Crim. App. 2012) (practice of soliciting and adopting findings from prevailing party "has not been determined to be unlawful by [the Court of Criminal Appeals] or the United States Supreme Court.").

The appellant's twelfth point also complains about the lack of an evidentiary hearing. But as the State points out, Article 11.072 does not require an evidentiary hearing. *Ex parte Aguilar*, 501 S.W.3d 176, 178-79 (Tex. App.—Houston [1st Dist.] 2016, no pet) (holding hearing not required in Article 11.072 proceeding).

In his thirteenth point the appellant claims the habeas court erred by "accept[ing] the State's unsupported laches claim without evidentiary basis,

5

obstructing habeas relief in violation of due process protections." He claims, without citation, that "laches cannot bar habeas relief when a conviction is rooted in invalid probable cause, an unreasonable search and seizure, false witness testimony, suppressed exculpatory evidence, and documented prosecutorial misconduct." We are unaware of any authority for the proposition that laches does not apply to certain claims and we do not believe the appellant's claim is an accurate statement of law. And, *contra* the appellant's claim, the State's laches argument is supported by the record; trial counsel's affidavit shows that the State cannot respond to the appellant's ineffective-assistance-of-counsel claim because of the appellant's delay.

In his fourteenth point the appellant complains that the habeas court's order denying relief is "intentionally vague." The habeas court's order summarizes the facts of the case, makes factual findings, has conclusions of law, and concludes with a ruling. The appellant does not argue what else the order should have said, or provide a legal basis for such a requirement. Article 11.072 requires only a "written order granting or denying relief," without further specification. TEX. CODE CRIM. PROC. art. 11.072, § 6(a).

We overrule the appellant's first, twelfth, thirteenth, and fourteenth points.

In his fifteenth point the appellant complains about a "retaliatory warrant" he claims issued after the habeas court denied relief. As evidence of this he directs us to a document from the clerk giving details about events in 2003 and 2004. The

appellant does not adequately explain what he's referencing here, nor does he explain why that matter—which was not litigated in his habeas application—should be litigated on appeal from the denial of habeas relief.

In his sixteenth point the appellant claims the habeas court's order denying relief was "backdated." Even if this is true—and we have no reason to believe it is—he does not explain how this affects anything or makes the denial of relief an abuse of discretion. Similarly, the appellant's seventeenth and eighteenth points complain that the habeas court clerk originally misfiled his notice of appeal before filing it correctly. He provides us no argument for how these matters have impacted the case or made the habeas court's denial of relief an abuse of discretion.

We overrule the appellant's fifteenth, sixteenth, seventeenth, and eighteenth points because they do not show error by the habeas court, and they are inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (requiring appellant's brief to contain "clear … argument for the contentions made").

## B. Unpreserved complaints about matters from the appellant's original guilty plea (Points 2-10)

In his second point the appellant claims the State failed to disclose impeachment material about the security guard who searched him.

In his third point the appellant claims "the mishandling and omission of proper chain-of-evidence transfer logs" regarding his drugs violated the Fourteenth Amendment.

7

In his fourth point the appellant claims he was interrogated without being given *Miranda* warnings at the time of his arrest in 2003.

In his fifth point the appellant points out that, according to his unsworn version of events, a police officer involved in processing him in 2003 told him there was no probable cause for arrest.

In his sixth point the appellant complains that the search of his person in 2003 was unlawful.

In his seventh point the appellant complains that the State "engaged in a pattern of relying on private security officers … to bypass Fourth Amendment protections."

In his eighth point the appellant claims that "attorneys with malpractice and disciplinary history" are "assigned to the court-appointed pool to ease convictions … bypassing due process."

In his ninth point the appellant claims that the State's failure to prosecute his trial counsel and an individual associated with the security company that detained him for "misconduct" suggests "undisclosed promises, incentives, or inducements, implicating *Giglio v. United States*, 405 U.S. 150 (1972)."

In his tenth point the appellant claims that because a police officer told him there was no probable cause for his arrest it was improper for a magistrate to find probable cause, "disregarding" the police officer's "finding."

The appellant did not raise any of these complaints in his habeas application, nor did he provide evidence that would have allowed the habeas court to assess these claims on the merits. On appeal from the denial of habeas relief, this Court may not address claims that were not raised and addressed in the habeas court. *Ex parte Perez*, 536 S.W.3d 877, 880-81 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *Ex parte Martin*, No. 01-17-00025-CR, 2019 WL 2292631, at *12 (Tex. App.—Houston [1st Dist.] May 30, 2019, no pet.) (mem. op., not designated for publication). Because the appellant did not raise these claims in the habeas court, he has failed to show error by the habeas court. We overrule these points of error.

## C.    Ineffective-assistance complaint (Point 11)

In his eleventh point the appellant complains that his trial counsel was ineffective through "failure to challenge procedural defects, witness credibility, chain of custody violations, and conflicting testimony." The habeas court rejected this complaint based on laches: Because the appellant waited so long to file his habeas application trial counsel had no memory of her representation and therefore could not give her reasoning for the complained-of actions and inactions.

As a general rule Texas courts will not denounce defense attorneys as ineffective unless they have had an opportunity to explain whether they had valid reasons for the complained-of actions. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex.

Crim. App. 2012). This rule prevails unless the complained-of action or inaction was "so outrageous that no competent attorney would have engaged in it." *Id.*

The complained-of actions and inactions here are not so outrageous. The appellant pleaded guilty and received probation. In such a case trial counsel may have seen potential problems with the State's case, understood they were not fatal to the State's case, and then used the weaknesses to negotiate a better plea bargain than the appellant would have otherwise received. That would have been a reasonable strategic reason for not litigating suppression claims. Because the appellant's delay prevented the State from responding to this claim by allowing trial counsel to explain herself, and because the appellant did not provide a satisfactory justification for the delay, the habeas court did not abuse its discretion in finding this claim barred by laches. *See Ex parte Roberts*, 494 S.W.3d at 776-77 (holding habeas claim barred by laches because trial counsel died during ten-year delay and State could not respond to ineffective-assistance claim); *Ex parte Aruizu*, 2016 WL 1590618, at *8 (holding habeas claim barred by laches because trial counsel had no memory of representation after twelve-year delay thus State could not respond to ineffective-assistance claim). We overrule the appellant's eleventh point.

## Conclusion

We affirm the habeas court's judgment. All pending motions are dismissed as moot.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Morgan, and Johnson.

Do Not Publish.