**Ex Parte Thomas HOLLOWELL,
Appellant.**

**No. PD–1149–12.**

Court of Criminal Appeals of Texas.

Feb. 27, 2013.

Thomas Hollowell, Cuero, TX, for Appellant.

---

Sam Oatman, District Attorney Llano County, Llano, TX, Lisa C. McMinn, State's Attorney, Austin, TX, for State.

JOHNSON, J., filed a statement concurring in the Court's refusal to review appellant's petition for discretionary review, in which HERVEY and COCHRAN, JJ., joined.

I agree with the Court's decision to refuse to review appellant's petition for discretionary review on the merits. I write to clarify the status of electronic recordings as admissible evidence.

Under an older version of Rule of Appellate Procedure 11, stenographic court reporters were required when memorializing court proceedings. On January 21, 1986, this Court, in an effort "to determine if significant reductions can be made in the time required for appellate procedures and in the cost thereof," began "a pilot project to study the use of an electronic recording system, to commence as soon as practicable after January 2, 1986 and to continue until further orders of this Court." In that order, the Court allowed the district courts of Dallas County to proceed without a stenographic record in criminal matters, provided that the parties stipulated, in writing, to an electronic record in both the trial court and on appeal. Similar orders were entered for Brazos County on October 9, 1989, and for Montgomery County on December 10, 1990.

The pilot project was apparently a success; the two high courts added "and Court Recorders" to the rule that sets out the duties of court reporters, now Rule 13,

effective September 1, 1997. In the years since the new Rule 13 went into effect, this Court has been asked by a number of counties to grant authority for electronic recording of court proceedings, and we have done so. However, we recognize that such a request is not necessary, as whatever authority we may grant for electronic recording is already granted to all counties pursuant to the Rules of Appellate Procedure. All district courts may use court reporters or court recorders, at the discretion of the district judge, to memorialize court proceedings, and such recordings may be used by an appellate court during its review as long as the recording conforms to the dictates of Rule 13.

That said, Rule 13 does not apply to the facts of this case. The record created by either a stenographic reporter or an electronic court recorder memorializes the testimony and other evidence presented at trial. It is part of the record on appeal. The electronic recording sought in this case is not the stenographic official record that was made, but the reporter's backup audio recording of the proceedings, which is not a part of the official reporter's record and thus is not a part of the appellate record. The court of appeals properly refused to review the backup recording, even if for a reason that no longer applies.