**IN RE Hugh LARKIN, Relator**

NO. 01–17–00055–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued January 26, 2017

Kimberley A. Evans, Famose T. Garner, Evans & Brignac, PLLC, Houston, TX, for Relator.

Mitchell Katine, Katine & Nechman L.L.P., Richard Weaver, The Weaver Law

Firm, Houston, TX, for Real Party in Interest.

Panel consists of Justices Keyes, Higley, and Lloyd.

## OPINION

Laura Carter Higley, Justice

This original proceeding for writ of mandamus arises from a suit concerning encroachment of a neighboring condominium owner. The suit was filed by relator, Hugh Larkin, against real parties in interest, Holly Rodriguez and Riverwalk Council of Co–Owners, Inc.[1] Larkin challenges the trial court's denial of his request for the court reporter to record pre-trial proceedings.

In his petition for a writ of mandamus, Larkin seeks an order requiring recording of all requested hearings. We conditionally grant the petition.

## Background

Pretrial proceedings began in this case on January 23, 2017. Trial began on January 25, 2017. On January 23, Larkin orally requested that the pretrial hearing be recorded. The hearings on that date were not recorded. That day, Larkin filed a written motion requesting that all pretrial and trial proceedings be recorded. The prepared order has not been signed.

On January 24, Larkin filed a petition for writ of mandamus, asking that we require the trial court to record all requested hearings. Larkin also filed an emergency motion for temporary relief, asking that we stay all proceedings pending resolution of the mandamus. We issued an order giving the trial court the option of recording all proceedings during the pendency of

the mandamus or staying all proceedings in the interim.

## Standard of Review

■■■ Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding). A clear abuse of discretion occurs when a trial court "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (internal quotation marks and citation omitted). A trial court has no discretion in determining what the law is or in applying the law to the particular facts. *Id.* at 840. A clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

■■■ In determining whether an appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). A party establishes that no adequate appellate remedy exists by showing it is in real danger of losing its substantial rights. *Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex. 1994) (orig. proceeding).

## Presence of Court Reporter

■■■ Section 52.046 of the Texas Government Code requires, upon request, an official court reporter to record oral testimony and closing arguments, including objections and rulings to the testimony and arguments. TEX. GOV'T CODE ANN.

---

1. The underlying case is *Hugh Larkin v. Holly Rodriguez & Riverwalk Council of Co–Owners, Inc.*, cause number 1047713, pending in the County Civil Court at Law No. 4 of Harris County, Texas, the Hon. Roberta Lloyd presiding.

§ 52.046(a)(1)–(3) (Vernon 2013). The section also gives the Supreme Court of Texas authority to adopt rules "to provide for the duties and fees of official court reporters in all civil judicial proceedings." *Id.* § 52.046(c). Rule 13.1 of the Texas Rules of Appellate Procedure requires an official court reporter, "unless excused by agreement of the parties, [to] attend court sessions and make a full record of the proceedings." Tex. R. App. P. 13.1(a).

Here, Larkin specifically requested that the court reporter record all pretrial and trial proceedings. Once the request was made, the trial court had no discretion to deny it. *See* Gov't § 52.046(a)(1)–(3); Tex. R. App. P. 13.1(a). Accordingly, we hold the trial court abused its discretion by denying Larkin's request that the pretrial and trial proceedings be properly recorded.

### Inadequate Remedy

■ In order to preserve an issue for appeal, the complaining party must show that he properly objected and that the trial court either ruled on the objection or refused to rule on the objection and the complaining party objected to the refusal to rule. Tex. R. App. P. 33.1(a). While some objections are filed by written motion, proof that the motion was presented to the trial court and proof of an objection to a refusal to rule is derived primarily from the reporter's record. *See Cruz v. Schell, Beene & Vaughn, L.L.P.*, No. 05–01–00565–CV, 2012 WL 3194074, at *3 (Tex. App.–Dallas Aug. 7, 2012, pet. denied) (holding no evidence of objection on trial court's refusal to rule when no record was made of hearing). Because failure to record a requested hearing can directly impede a party's ability to establish preservation of error on direct appeal, we hold that Larkin lacks an adequate remedy by appeal for the error. *See Canadian Helicopters*, 876 S.W.2d at 306 (holding party es-

tablishes no adequate appellate remedy by showing danger of losing substantial rights).

We sustain Larkin's sole issue.

### Conclusion

We conditionally grant the mandamus petition and direct the trial court to have a transcript prepared for all requested proceedings. Our writ will issue only if the trial court does not comply with this opinion.