

# Fourth Court of Appeals
## San Antonio, Texas

May 4, 2020

No. 04-19-00823-CV

John (Jack) **PALAU,**
Appellant

v.

**ACT INVESTMENTS, INC**.; Capacity Builders, Inc.; and Deborah Montgomery,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 19-144
Honorable Kirsten Cohoon, Judge Presiding

# O R D E R

Sitting:     Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

After the clerk's record was filed, on March 23, 2020, the court reporter notified this court that no record was taken at the instruction of the trial court. We set Appellant's brief due on April 22, 2020. When Appellant failed to timely file a brief or a motion for extension of time to file the brief, we advised Appellant his brief was late.

In response, Appellant filed an "Emergency Demand" to stay the execution sale of Appellant's property and complaining that the trial court improperly denied Appellant a reporter's record for the hearing on the appellees' motion for summary judgment.

"The official court reporter or court recorder must . . . unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings . . . ." TEX. R. APP. P. 13.1; *see In re Larkin*, 516 S.W.3d 583, 584–85 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (conditionally granting a writ of mandamus because the petitioner "specifically requested that the court reporter record all pretrial and trial proceedings, . . . [and] the trial court had no discretion to deny [the petitioner's request]"). *But see Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782–83 (Tex. 2005) (requiring reporter's records only for

evidentiary hearings, but not for non-evidentiary hearings such as a hearing on a motion for summary judgment).

But "to preserve an issue for appeal, the complaining party must show that he properly objected and that the trial court either ruled on the objection or refused to rule on the objection and the complaining party objected to the refusal to rule." *In re Larkin*, 516 S.W.3d at 585 (citing TEX. R. APP. P. 33.1(a)). Appellant has not shown he preserved a claim of error. *See id.*

We ORDER Appellant to file a brief, or a motion for extension of time to file a brief, within TEN DAYS of the date of this order.

Appellant also moved this court to stay the execution sale proceedings, but the record does not show that Appellant superseded the judgment. *See* TEX. R. APP. P. 24.1 (permitting a judgment debtor to supersede a judgment); *Tex. Emp'rs' Ins. Ass'n v. Engelke*, 790 S.W.2d 93, 95 (Tex. App.—Houston [1st Dist.] 1990, no writ) ("A judgment creditor has a statutory right to have execution issued to enforce a judgment pending appeal, unless and until a valid supersedeas bond has been filed.").

Appellant's motion for emergency relief is DENIED.

Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of May, 2020.

MICHAEL A. CRUZ,
Clerk of Court