# Supreme Court of Texas

No. 23-0319

In re Beverly Kotsanis,

*Relator*

On Petition for Writ of Mandamus

JUSTICE HUDDLE, joined by Justice Busby, Justice Bland, and Justice Young, concurring in the denial of the petition for writ of mandamus.

This petition for writ of mandamus contends that the trial court abused its discretion when it refused to permit a court reporter to transcribe a hearing. I concur with the Court's denial of the petition with two brief observations.

First, our decision to deny mandamus relief should not be taken to endorse the denial of a party's request for a court reporter. To the contrary, Texas law mandates that a court reporter transcribe proceedings upon a party's request. The Government Code states: "On request, an official court reporter *shall* . . . attend all sessions of the court [and] furnish a transcript of the reported evidence or other proceedings . . . ." TEX. GOV'T CODE § 52.046(a)(1), (5) (emphasis added). And Texas Rule of Appellate Procedure 13.1(a) likewise mandates that "[t]he official court reporter or court recorder must . . . unless excused by

agreement of the parties, attend court sessions and make a full record of the proceedings." Thus, if a party requests an official court reporter to transcribe a hearing, the trial court has no discretion to deny that request. *See In re Larkin*, 516 S.W.3d 583, 585 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) ("[Relator] specifically requested that the court reporter record all pretrial and trial proceedings. Once the request was made, the trial court had no discretion to deny it."). Even so, it sometimes happens that parties and counsel arrive at the courthouse for a hearing only to learn that the court reporter is unavailable (at lunch, in another proceeding down the hall, what have you), and the trial judge intends to proceed without one. What to do?

That brings me to my second point. As with any error, a complaint about the lack of a court reporter must be properly preserved. "As a prerequisite to presenting a complaint for appellate review, *the record must show* that . . . the complaint was made *to the trial court* by a timely request, objection, or motion . . . ." TEX. R. APP. P. 33.1(a) (emphases added). Here, nothing in the record shows that relator asked the trial court for a reporter or objected to the reporter's absence. Relator instead relies on affidavits describing what happened at the hearing that were created for this mandamus proceeding and attached to her petition, along with a copy of an email requesting a court reporter that relator's counsel avers was sent to the court coordinator before the hearing. None of this was filed with the trial court, and this Court does not consider materials attached to a petition in the first instance. *See Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (declining to consider evidence "attached to [the] petition" and "not in the clerk's

2

record").

How to preserve a complaint about the lack of a court reporter is not self-evident—after all, it is the reporter who usually creates the official record of the proceeding. Fortunately, the Rules of Appellate Procedure tell us the answer: file a formal bill of exception and follow the steps in Rule 33.2 to ensure that the bill of exception gets included in the record. *See* TEX. R. APP. P. 33.2. Relator here did not comply with Rule 33.2, nor did she file any other motion or written objection with the trial court that might have preserved her complaint. *See Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.) (noting that a complaint that the court reporter failed to make a record can be preserved "by filing a motion or other written objection").

Relator's failure to preserve her complaint for our review justifies denial of mandamus relief.[1] I therefore concur in the Court's denial of the petition.

Rebeca A. Huddle
Justice

**OPINION FILED:** November 17, 2023

---

[1] I express no view on the merits of the additional arguments for denying mandamus relief presented by the real party in interest.

3