**Opinion issued May 20, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

————————————————

## NO. 01-23-00339-CR

————————————————

## JACOB ALVARADO, Appellant

## v.

## THE STATE OF TEXAS, Appellee

On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Case No. 20-CR-0997

## OPINION

A jury convicted appellant, Jacob Alvarado, of capital murder. The trial court assessed appellant's punishment at life in the Institutional Division of the Texas Department of Criminal Justice. In two issues on appeal, appellant asserts: (1) the trial court abused its discretion by using a court recorder rather than a court

reporter to record the pretrial and trial proceedings in his case, and (2) the trial court abused its discretion in denying his motion for continuance and motion for mistrial based on the State's alleged late production of discovery.

We affirm.

## Background

Appellant was charged by indictment with capital murder. TEX. PENAL CODE § 19.03(a)(2). The indictment alleged that appellant intentionally shot and killed Colton Nowak in the course of robbing or attempting to rob Nowak. Appellant pleaded not guilty. On April 5, 2023, a jury found appellant guilty of capital murder as alleged in the indictment, and the trial court sentenced him to life in prison. This appeal followed.

## Use of Court Recorder Rather Than Court Reporter

In his first point of error, appellant argues that the trial court violated sections 52.041(a) and 52.046(a) of the Texas Government Code, and abused its discretion, by refusing his request that the trial court use a court *recorder* rather than a court *reporter* to record the pretrial and trial proceedings in his case.[1]

Section 52.041(a) of the Texas Government Code states in part that: "Each judge of a court of record shall appoint an official court reporter." Section 52.046(a) provides that:

---

[1] A court recorder prepares an audio recording of the proceedings rather than a stenographic record, which requires a court reporter.

2

     (a)    On request, an official court reporter shall:

          (1)    attend all sessions of the court;

          (2)    take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;

          (3)    take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;

          (4)    preserve the notes for future reference for three years from the date on which they were taken; and

          (5)    furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.

Section 52.046(a) "requires, upon request, an official court reporter to record oral testimony and closing arguments, including objections and rulings to the testimony and arguments." *In re Larkin*, 516 S.W.3d 583, 584 (Tex. App.—Houston [1st Dist.] 2017, no pet.). Once the request for a court reporter is made, the trial court has no discretion to deny it. *Id.* at 585 (citing TEX. GOV'T CODE §§ 52.046(a)(1)–(3); TEX. R. APP. P. 13.1(a)); *see also In re Kotsanis*, 679 S.W.3d 694, 694 (Tex. 2023) (Huddle, J., concurring) ("if a party requests an official court reporter to transcribe a hearing, the trial court has no discretion to deny that request" (citing *Larkin*, 516 S.W.3rd at 585)); *Moran-Hidalgo v. State*, No. 14-23-00322-CR, 2024 WL 5053192, at *1-2 & n.1 (Tex. App.—Houston [14th

Dist.] Dec. 10, 2024, no pet.) (suggesting, in dicta, that it could be error for a trial court to use a court recorder in place of a court reporter if a criminal defendant "put[s] the trial court on notice that [defendant is] requesting that a certified court reporter attend and make a record of trial irrespective of the fact the record made by a court recorder is certified" because Rule 13.1 of the Texas Rules of Appellate Procedure allows for use of a court recorder only "[a]bsent a specific request or objection by a party" (citing *Ex Parte Hollowell*, 392 S.W.3d 661, 662 (Tex. Crim. App. 2013) (Johnson, J., concurring in Court's denial of petition for review))).

Here, appellant specifically requested that a court reporter record all pretrial and trial proceedings. Appellant filed two written motions: a January 31, 2023 motion titled "Defendant's Motion for the Court to Direct the Court Reporter to Record Proceedings" and a March 8, 2023 motion titled "Defendant's Request for the Court to Direct the Court Reporter to Record the Proceedings." On November 29, 2022, the trial court purported to grant appellant's Motion for the Court to Direct the Court Reporter to Record Proceedings, but handwrote the words "or Court Recorder" after "Court Reporter" in the order before doing so. *See* Figure 1.



**O R D E R**

ON THIS DAY CAME TO BE HEARD, the foregoing **MOTION FOR THE COURT TO DIRECT COURT REPORTER TO TRANSCRIBE COURT PROCEEDINGS** and said motion is hereby: *or Court-Recorder*

✓

GRANTED

DENIED

SIGNED the 29 day of _NOV_____, 2022.

_____
**JUDGE PRESIDING**

Figure 1

At trial, prior to voir dire, appellant's counsel asked for a running objection to the trial court's ruling. In response, the trial court referred appellant's counsel to a local rule addressing the trial court's use of a court recorder in place of a court reporter due to a shortage of court reporters, and stated that the court recorder would comply with the requirements that Rules 13.1 and 13.2 of the Texas Rules of Appellate Procedure place on court recorders. The trial court continued: "[Y]ou can certainly have your objection . . . to preserve error, but the Court believes that the rules of appellate procedure blatantly provide for [a] court recorder."[2]

---

[2]    In *Moran-Hidalgo v. State*, the Fourteenth Court of Appeals held under analogous circumstances that the defendant failed to preserve for appellate review his complaint about the trial court's use of a court recorder instead of a court reporter because the defendant did not repeat his objection or request for a court reporter after the trial court responded to his original objection by explaining that the court recorder's record would be certified. 2024 WL 5053192, at *1-2 (holding that, due to appellant's failure to "make a request or renew his motion for a certified court reporter" after trial court confirmed that electronic recording would create certified record, appellant "did not put the trial court on notice that appellant was requesting that a certified court reporter attend and make a record of trial irrespective of the

For the purposes of this appeal, we assume without deciding that the trial court's denial of appellant's request for a court reporter rather than a court recorder was an abuse of discretion under *Larkin*. *See* 516 S.W.3d at 585. We need not reach that question because here, unlike in *Larkin*, the trial court opted to have a court recorder record the proceedings rather than a court reporter. In addition, appellant has not shown that the decision affected any of his substantial rights in any way. TEX. R. APP. P. 44.2(b) (any non-constitutional error that does not affect substantial rights must be disregarded).[3] Appellant points to two alleged errors in the transcription created from the court recorder's audio recording of the proceedings, but makes no showing that he was harmed by either. Instead, appellant argues that he was not required to make any showing of harm because the trial court's denial of his request for a court reporter was *per se* prejudicial under the Court of Criminal Appeals' decisions in *Soto v. State,* 671 S.W.2d 43 (Tex. Crim. App. 1984), and *Cartwright v. State,* 527 S.W.2d 535 (Tex. Crim. App. 1975).

---

fact the record made by a court recorder is certified"). In contrast, here, the trial court expressly told appellant that he had preserved any error for appeal.

[3] Appellant does not argue any constitutional error that would trigger application of Rule 44.2(a) rather than Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See Jones v. State*, No. 01-10-00821-CR, 2011 WL 4612655, at *6 (Tex. App.— Houston [1st Dist.] Oct. 6, 2011, pet. ref'd) (performing harmless error analysis where appellant did not argue that alleged error was constitutional error).

In *Cartwright*, in 1975, the Texas Court of Criminal Appeals held that, under former article 40.09 of the Texas Code of Criminal Procedure, a County Court was required to appoint, when requested to do so, a court reporter to report all trial proceedings in a criminal trial. 527 S.W.2d at 538-39. The Court of Criminal Appeals held further that a court's failure to comply with article 40.09 could not be excused as harmless error. *Id.* at 538 n.6. In *Soto*, a 1984 decision also involving former article 40.09, the Court of Criminal Appeals again applied the "'per se prejudice' rule enunciated in *Cartwright*." 671 S.W.2d at 45.

After *Soto* and *Cartwright*, the Court of Criminal Appeals held in *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), that, "[e]xcept for certain federal constitutional errors labeled by the United States Supreme Court as 'structural,' no error, whether it relates to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune to a harmless error analysis." *Id.* at 264. Appellant does not argue any constitutional error occurred, and the error he does complain of is not among those errors that the Supreme Court has found to be structural errors.[4]

---

[4]     *See Greer v. United States*, 593 U.S. 503, 513, 141 S. Ct. 2090, 2100, 210 L. Ed. 2d 121 (2021) (listing as examples of structural error the denial of counsel of choice, denial of self-representation, denial of public trial, and failure to convey to jury that guilt must be proved beyond a reasonable doubt); *Johnson v. United States*, 520 U.S. 461, 468-69, 117 S. Ct. 1544, 1549-50, 137 L. Ed. 2d 718 (1997) (describing limited class of cases involving structural error as including total deprivation of right to counsel, lack of impartial trial judge, unlawful exclusion of

Since its decision in *Cain*, the Court of Criminal Appeals has not referenced *Soto* or *Cartwright* in a majority opinion other than in *Routier v. State*, 112 S.W.3d 554 (Tex. Crim. App. 2003). In *Routier*, the Court of Criminal Appeals rejected an argument that a record that was initially prepared from stenographic notes, but then edited using audio recordings, violated Rule 34.6(a)(1) of the Texas Rules of Appellate Procedure. *Id.* at 563-72. The Court of Criminal Appeals did not decide the case under *Soto*, concluding that another of its decisions was controlling, but noted in dicta that it had previously said that "the reasoning of *Soto* is sound today" even though *Soto* was decided under former article 40.09. *Id.* at 567 (citing *Gomez v. State*, 962 S.W.2d 572, 574 (Tex. Crim. App. 1998)). The majority in *Gomez* did not discuss *Soto*, but commented that cases decided under former article 40.09 continued to be helpful and applicable in cases brought under what was then Rule 50(e) of the Texas Rules of Appellate Procedure[5] involving lost portions of the record. *Gomez*, 962 S.W.2d at 574. The majority in *Gomez* ultimately ruled that the appellant was not harmed by any error associated with the loss of the original copies of certain trial exhibits, rejecting the dissent's position under cases including *Soto* that an incomplete statement of facts is an error that is not subject to

---

grand jurors of defendant's race, right to self-representation at trial, right to public trial, and erroneous reasonable-doubt instruction to jury).

[5] Former Rule 50(e) was a predecessor of what is now Rule 34.6(a), the rule at issue in *Routier*. *Shrepee v. State*, No. 01-96-01386-CR, 1998 WL 55283, at *3 (Tex. App.—Houston [1st Dist.] Feb. 12, 1998, pet. ref'd).

8

a harmless error analysis. *See Routier*, 112 S.W.3d at 577, 583. Neither *Routier* nor *Gomez* provides support for appellant's position that any error associated with the use of a court recorder in appellant's case is not subject to a harmless error analysis.

To the degree *Soto* and *Cartwright* require automatic reversal for a trial court's failure to appoint a court reporter upon request, they are inconsistent with—and therefore implicitly overruled by—*Cain*. *See e.g.*, *Salinas v. State*, 980 S.W.2d 219, 219 (Tex. Crim. App. 1998) (recognizing *Cain* had overruled part of *Meek v. State*, 851 S.W.2d 868 (Tex. Crim. App. 1993), that required automatic reversal for failure to obtain written jury waiver); *Taylor v. State*, 109 S.W.3d 443, 450 (Tex. Crim. App. 2003) (recognizing *Cain* had overruled certain cases to extent they required automatic reversal for judge's "improper hypothetical in voir dire"); *Aguirre-Mata v. State*, 26 S.W.3d 922, 925-26 (Tex. App.—Houston [1st Dist.] 2000) (recognizing *Cain* had overruled certain cases requiring automatic reversal for trial court's failure to admonish defendant as to proper punishment range), *aff'd*, 125 S.W.3d 473 (Tex. Crim. App. 2003); *Rodriguez v. State*, 667 S.W.3d 484, 499 (Tex. App.—Corpus Christi–Edinburg 2023, pet. ref'd) (recognizing *Cain* and *Wright v. State*, 28 S.W.3d 526 (Tex. Crim. App. 2000), had implicitly overruled part of *Sodipo v. State*, 815 S.W.2d 551 (Tex. Crim. App.

9

1990) (op. on reh'g), that required automatic reversal for day-of-trial amendment to charging instrument).

Under current precedent, a violation of Government Code Section 52.046 is non-structural non-constitutional error subject to a Rule 44.2(b) harm analysis. Therefore, even assuming that the trial court violated section 52.046(a) of the Texas Government Code and abused its discretion by refusing appellant's request that the trial court use a court recorder rather than a court reporter to record the pretrial and trial proceedings in his case, we disagree with appellant's position that, under *Cartwright* and *Soto*, the use of a court recorder remains reversible error absent any showing of harm. Because appellant has not shown that the trial court's use of a court recorder despite appellant's request for a court reporter affected any of his substantial rights or harmed him in any way, we hold that the error was harmless. Accordingly, we overrule appellant's first point of error.

## Late Production of Evidence

In his second point of error, appellant argues that the trial court abused its discretion by denying his motion for continuance and his motion for mistrial based on the prosecution's alleged failure to timely produce certain evidence that appellant claims he requested in discovery.

## A. Denial of Motion for Continuance

Appellant complains on appeal of the trial court's denial of his oral motion for continuance based on the prosecution's alleged failure to timely produce a forensic download of a cell phone found in appellant's car and previously undisclosed versions of a crime scene report and an evidence log.

"A criminal action may be continued on the written motion of . . . the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. The motion for continuance "must be sworn to by a person having personal knowledge of the facts relied on for the continuance." *Id.* art. 29.08. A criminal defendant who makes an unsworn oral motion for continuance forfeits any claim on appeal. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (refusing to recognize a due process exception to rule barring grant of unsworn oral motion for continuance); *Brooks v. State*, 590 S.W.3d 35, 49 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd) (holding under *Anderson* that "a sworn written motion for continuance is required to preserve for appellate review any error concerning the trial court's denial of a request for continuance").

The only motion for continuance referenced by appellant in his brief on appeal is an oral motion. We thus agree with the State that appellant has not

11

preserved for appellate review any error in the trial court's denial of his motion for continuance, and overrule appellant's first issue.

## B.    Denial of Motion for Mistrial

Appellant also complains on appeal of the trial court's denial of his motion for mistrial based on the prosecution's production, on the third day of trial, of 12 photographs that the State's counsel characterized as photographs of fingerprints. As the basis for his motion for a mistrial, appellant argued that the photographs were mitigating information that, under article 39.14(a) of the Texas Code of Criminal Procedure, the prosecution had the obligation to produce "as soon as practicable." *See* TEX. CODE CRIM. PROC. art. 39.14(a) ("as soon as practicable after receiving a timely request from the defendant the state shall produce . . . any designated . . . photographs . . . or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action"). The trial court denied the motion for mistrial.

We review a trial court's denial of a motion for mistrial for abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Under that standard, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it falls within the zone of reasonable disagreement. *Id*. A mistrial is an appropriate remedy in extreme cases for a narrow class of highly prejudicial and incurable errors. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim.

12

App. 2018). In cases in which constitutional rights are not implicated, in determining whether a prejudicial event was so harmful as to warrant reversal on appeal, we consider the prejudicial effect, any curative measures taken, and the certainty of conviction absent the prejudicial event. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

Appellant argues on appeal that it is undisputed that the late-produced photographs were "material," but includes no supporting citation to the record. In his brief on appeal, appellant does not discuss the content of the photographs, other than to quote the prosecution's characterization of their content at trial, or address what evidentiary significance they may have. As the State notes, appellant has not even attempted to show that he was prejudiced by the prosecution's late production of the photographs. Appellant does not dispute that he received on a timely basis the results of the testing of the fingerprints shown in the photographs. The trial court thus did not abuse its discretion in determining that the prosecution's late production of the photographs was not an "extreme case" involving a "highly prejudicial" error. *See Calvert v. State*, No. AP-77,063, 2019 WL 5057268, at *10 (Tex. Crim. App. Oct. 9, 2019) (not designated for publication) (where appellant presented no evidence that he was prejudiced by trial court's alleged underlying error, rejecting claim that trial court abused its discretion in denying mistrial without further analysis); *Brooks v. State*, No. 14-20-00099-CR, 2021 WL

5501347, at *7 (Tex. App.—Houston [14th Dist.] Nov. 23, 2021, no pet.) (not designated for publication) (same).

We overrule appellant's second issue.

## Conclusion

We overrule appellant's points of error one and two, and affirm the trial court's judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Morgan.